58 573
62 382

58 573
65 206

58 573
67 519

58 573
70 821

THE STATE, THE CONSOLIDATED TRACTION COMPANY, PROSECUTOR, v. EDMUND W. REEVES.

1. In an action for damages resulting from an injury caused by negligence, in which the judgment of the Court of Common Pleas, on appeal from a District Court, is brought up for review by *certiorari*, if any proof appears which will sustain the verdict, the court will not settle disputed evidence, determine the credibility of witnesses or weigh the proof upon the questions of negligence or contributory negligence, to ascertain whether the·jury ought to have rendered the verdict which they did render.

2. The court, upon *certiorari*, which is in the nature of a writ of error in such a case, is limited to such a review of the proof made on the trial as will lead to the determination of whether any legal error was committed by the court below.

3. A person traveling with a horse and a vehicle on a street traversed by electric trolley cars has the right to make use of the tracks upon which such cars are propelled whenever the necessary and customary use of the street requires or permits him to do so, and it is not, *per se*, contributory negligence for him to turn off from one track into and upon the other track, in a street in which double sets of tracks are laid, to allow a car to pass, if, whilst so doing or whilst he is endeavoring to turn back again, he is struck by a car running upon the other track. The fact that he turns to the left to allow the car to pass is not of itself contributory negligence.

4. The trial judge cannot order a nonsuit or a verdict unless the proof in the case is so clear that no other reasonably legitimate conclusion can be reached by the jury.

On *certiorari*.

Argued at November Term, 1895, before Justices GARRISON and LIPPINCOTT.

For the prosecutor, *Warren Dixon.*

For the defendant, *George G. Tennant.*

The opinion of the court was delivered by

LIPPINCOTT, J. This writ of·*certiorari* removes into this court for review a judgment in the Court of Common Pleas

of the county of Hudson, on an appeal from the District Court of Jersey City. The plaintiff below recovered a judgment against the defendant, who is the prosecutor of this writ, for damages resulting from a collision between an electric trolley car and his horse and wagon on one of the streets of Jersey City. The prosecutor took an appeal to the Court of Common Pleas. A trial *de novo* under the statute was had in that court, and judgment for the damages to the horse, wagon and harness was rendered in favor of the plaintiff below against the prosecutor, who alleged error in the conduct of the trial, to remedy which he brings this *certiorari*.

The defendant in the action, at the close of the proof on the part of the plaintiff, moved for judgment of nonsuit on the grounds—*first*, that the plaintiff had failed to establish the incorporation of the defendant or that the car which collided with the horse and wagon of the plaintiff was a car belonging to the defendant company; and *secondly*, that the plaintiff had failed to establish negligence of the defendant as a cause of the accident and injury; and *thirdly*, that the driver of the horse and wagon, who was the servant of the plaintiff, was guilty of negligence, contributing to or causing the accident and injury.

It is evident from the conduct of the trial that the first contention cannot be urged upon the consideration of this court. The evidence on the part of the plaintiff is sufficient to establish, *prima facie*, the corporate existence of the defendant company, and also that it operated the car which came into collision with the horse and wagon of the plaintiff. Besides these, elements of recovery clearly appear in the evidence adduced on the part of the defendant after the refusal of the trial court to nonsuit the plaintiff.

There was no denial in the case of the incorporation of the defendant company nor that it operated the car in question. The plaintiff was left to such proof as he chose to make on these points, and the evidence is such as to justify the trial court, acting in conformity with established rules of law, in refusing a nonsuit on these grounds. These reasons for re-

versal do not appear to have been urged on the hearing of this *certiorari*, either in the argument or the briefs of counsel.

The other two grounds above stated, upon which the motion for nonsuit was based, and also upon which the defendant requested the direction of a verdict in its favor, have led to an examination of the evidence in the cause not for the purpose of settling contradictory or disputed evidence, but to ascertain whether there exists any proof which will reasonably and legitimately sustain the trial court in its submission of the case to the jury for their determination.

The facts, as they appear in evidence on the part of the plaintiff, show substantially that, on December 22d, 1894, one George Reeves, a brother and employe of the plaintiff, was driving a horse and wagon of the plaintiff, on Newark avenue, in Jersey City, on what is known as the "up track" of the defendant company. It appears, in the evidence of the plaintiff, that Reeves was driving on the tracks because there were banks of snow on either side. A trolley car was behind him, and it sounded the gong as a notice or warning to him to turn off the track to allow the car to pass. The defendant company has two sets of tracks on Newark avenue, and he turned his horse off and into or upon, or partly upon, what is known as the "down track." The double tracks are quite close to each other. The car which was behind him passed him, and he was about to turn back again when he was prevented by a wagon coming on the up track just behind the car. He had swung his horse around to get back, when, at that moment, he saw a car coming on the down track, and he shouted at the motorman, but the car came on and collided with the horse and wagon. It appears that Reeves did not have time to go across the track and get off on the other side. It appears also that there was on that side quite a bank of snow. The car struck the shaft on the point, or somewhere between the point and the cross-piece of the shafts. The wagon was thrown around and the left shaft entered the side of the car, about three or four feet from the front platform. The evidence is that the car struck the horse and wagon with

considerable force. The wagon and harness were damaged
.and the horse injured. The evidence is quite clear that the
;driver had no opportunity of escaping the car or avoiding the
accident. Several witnesses on the part of the plaintiff tes-
tify that the car was being propelled at a very high rate of
speed, and that for quite a distance ahead, the motorman, if
·he was at all keeping a lookout, could have had the horse and
wagon in plain view.

Many witnesses were sworn; and there was some variance
in the evidence upon cross-examination. The evidence was
·in some dispute, but the above facts appear to have been
.proven by the plaintiff.

. Under this proof the trial judge refused to nonsuit.

· It seems to the court here, on this review, that this refusal
to nonsuit was entirely justified. It was not contended at all
that the driver of this horse and wagon was not entitled to
use any portion of this street, doing so with reasonable care
and judgment with regard to the customary and lawful use
of the street by the defendant company, with its cars, and
others who were in the use of it. The general principle upon
this subject has been well established since the decision in the
case of *Newark Passenger Railway Co.* v. *Block*, 26 *Vroom*
605.

It certainly was not, under these circumstances, within the
province of the trial judge to take from the jury the question
whether the motorman was guilty of negligence in operating
this car along the street, causing this accident, and clearly it
was not his duty to say to the jury that the driver of the
·horse and wagon was chargeable with such negligence, in the
use of the street, as contributed to the accident and injury,
.and thus the plaintiff be debarred from any recovery.

Before. the trial judge could so determine, the proof must
·have been so convincing to him that he could extract from it
no other reasonable inference or conclusion. If the facts were
such as that these questions remained in substantial dispute,
then they must be submitted to the jury.

If, from the facts in evidence, two inferences or conclusions

can be reasonably deduced, one favorable to the plaintiff and the other against him, a question then is presented which conclusively calls for the opinion of the jury. This principle is alike applicable to the question of whether negligence, as the proximate and sole cause of the injury, has been established against the defendant or not. *Pennsylvania Railroad Co.* v. *Matthews,* 7 *Vroom* 531; *Bahr* v. *Lombard, Ayres & Co.,* 24 *Id.* 233; *Newark Passenger Railway Co.* v. *Block,* 26 *Id.* 605; *Metropolitan Railroad Co.* v. *Jackson,* 3 *App. Cas.* 193; *Bittle* v. *Camden and Atlantic Railroad Co.,* 26 *Vroom* 615, 627.

Therefore, at the close of the evidence of the plaintiff, it became the duty of the trial judge to refuse the motion to nonsuit.

The evidence on the part of the defendant company was not of such a character as to require the trial judge, on the whole case, to direct a verdict in its favor. The evidence was calculated to contradict and refute the case made by the plaintiff and intensify the dispute and render it more clearly a question for the jury.

Upon a request for a direction of a verdict in favor of the defendant, the duty of the trial court is a plain one. The proof must be so clear that no other reasonable conclusion can be legitimately reached, before such a peremptory instruction can be given. No error is found in the refusal of the court below to direct a verdict for the defendant. *Moebus* v. *Becker,* 17 *Vroom* 41; *Railroad Company* v. *Shelton,* 26 *Id.* 342; *Clark Thread Co.* v. *Bennett, ante p.* 404; *Montclair* v. *Dana,* 107 *U. S.* 162; *Thomp. Tr.,* §§ 2242, 2250.

One of the reasons in *certiorari* is that the trial judge erred in the admission of evidence. This reason has not been urged in the argument, and an examination reveals no such error.

The judgment of the Court of Common Pleas must be affirmed.