65   203
69   418
69   427

WARD HUGHES, PLAINTIFF IN ERROR, v. THE CAMDEN
AND SUBURBAN RAILWAY COMPANY, DEFENDANT
IN ERROR.

Submitted July 9, 1900—Decided November 19, 1900.

1. Plaintiff was driving, at night, a one-horse wagon along a public
highway, and upon the right-hand or outbound track of defendant.
Plaintiff had notice that an outbound car desired to pass him upon
that track. He turned upon the left-hand or inbound track, and,
after proceeding some sixty feet, the wagon was struck by an
inbound car with such violence as to justify the inference that the
car was running at very great speed, or at such speed that the
motorman could not stop after the wagon was perceived by the
light from the headlight, which was burning. *Held*, that there
was a question for the jury as to the negligence of the motorman
in running and managing his car.

2. There was evidence from which a jury might find that plaintiff
would have been put in peril if he had turned out to the right.
*Held*, that he was not necessarily negligent in turning to the left,
although he was thus brought upon the inbound track, but that
there was a question for the jury whether or not his act was want-
ing in proper prudence.

On error to the Supreme Court.

For the plaintiff in error, *George J. Bergen.*

For the defendant in error, *Edward A. Armstrong.*

The opinion of the court was delivered by

MAGIE, CHANCELLOR. The judgment brought under re-
view by this writ of error was founded on a compulsory non-
suit directed by the trial judge at the conclusion of the plaint-
iff's case.

The action was in *tort* and was brought to recover damages
claimed to have been received by the plaintiff by a collision
between a trolley car of defendant, managed by its servants,
and a wagon which plaintiff was driving upon the public
highway.

The bill of exceptions shows that after plaintiff had rested

his case, defendant's counsel moved to nonsuit, upon the ground that the evidence did not justify a verdict for plaintiff, either because it failed to establish any breach of duty owed plaintiff by defendant, or because it established negligence of the plaintiff contributing to his injury. The trial judge granted the motion and directed the nonsuit solely on the ground that the negligence of plaintiff's servants was not made out by the evidence so as to support a verdict for the plaintiff. If, upon evidence which the jury might credit, and inferences reasonably to be drawn therefrom, such negligence was established, the ruling complained of was erroneous.

From the evidence in the bill of exceptions, the following facts might be found to be proved. Plaintiff was driving his wagon at night, with one horse, from Camden towards Haddonfield, upon a public highway, along which the two tracks of defendant's railway ran. He was driving on the right-hand track, upon which the outbound cars ran. An outbound car came up behind plaintiff's wagon, and its presence was made known to him by the ringing of its bell. As plaintiff was proceeding at a walk, he rightly turned from the right-hand track. He was bound to give the car approaching from behind a reasonable opportunity to pass upon the track from which it could not deviate. *North Hudson County Railway Co.* v. *Isley,* 20 *Vroom* 468; *Consolidated Traction Co.* v. *Haight,* 30 *Id.* 577; *Buttelli* v. *Electric Railway Co., Id.* 302.

On the right side of that track was a narrow driveway, affording barely enough space for a wagon to pass a car between it and a roadside ditch about four feet deep. Plaintiff, deeming, as he testified, that it was perilous to turn out to the right in the darkness, turned to the left, and drove upon the inbound track. He proceeded upon it until after the car upon the other track had passed him. After going some sixty feet, plaintiff's wagon was struck by an inbound car of defendant, which came from around a curve on the right, over four hundred feet distant. The left forewheel of the wagon was demolished, the wagon overturned, the horse thrown down so that his head lay in the opposite direction from that

in which he had been going, and plaintiff was thrown out and received serious injury.

From these facts a reasonable inference can be drawn that plaintiff was turning his wagon from the left-hand track to resume his position on the right-hand track, either because of an intention to proceed upon the track as he had been doing when required to leave it to permit the passage of the outbound car, or because he perceived the coming car on the inbound track, which was lighted, and had a headlight burning. It might also be reasonably inferred that the car which collided with plaintiff's wagon with such force and effect was traveling at such speed that it could not be stopped after its headlight revealed plaintiff's wagon, or that its speed was not diminished when the wagon was perceived.

Upon these facts and the inferences a jury might reasonably draw therefrom, I entertain no doubt that there was a case for the jury, for they would have been justified in finding negligence in the motorman, either in driving his car at a speed dangerous to other travelers on the highway, or because, if the speed was not excessive under ordinary circumstances, it was yet so great as not to permit him to arrest the car after he perceived, or should have perceived, plaintiff's wagon, or he did not attempt to do so.

The direction of the nonsuit cannot be sustained on this ground.

But this conclusion does not dispose of the case, for, although the trial judge declared that he could not say that plaintiff was shown to be guilty of negligence contributing to his injury, and refused the motion to nonsuit on that ground, if the bill of exception discloses that he erred in this respect, and that as matter of law, the plaintiff, on the evidence, was guilty of contributory negligence, the judgment ought not to be reversed.

An examination of the evidence puts it beyond doubt that the nonsuit should not have been granted on that ground. When plaintiff was required to remove from the right-hand track to permit the passage of the car from behind, he was bound to exercise a reasonable judgment as to how he could

do so in safety. If it was perilous to go to the right, and reasonable prudence required, he could go to the left, notwithstanding the inbound track of the defendant was there maintained. *Consolidated Traction Co.* v. *Reeves, 29 Vroom* 573. For reasons of safety, a traveler may use any part of a highway, having due regard to the rights of others, and taking such care as prudence would require him to take in the position he assumes. If he thus uses a highway, he may assume that others using it, including trolley car companies, will use it with a due regard to his rights. Upon the evidence, it was for a jury to say whether there was danger in turning to the right, such as a traveler in the exercise of reasonable prudence would avoid, and whether, after he reached the left-hand track he took reasonable care to observe and give place to a car approaching upon that track. All these were questions to have been decided against him before plaintiff could have been pronounced negligent.

The result is that the case should have gone to the jury, and the judgment must be reversed.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, VAN SYCKEL, DIXON, COLLINS, FORT, GARRETSON, BOGERT, HENDRICKSON, ADAMS, VREDENBURGH, VOORHEES. 12.