HARRY TITTLEBAUM, PLAINTIFF IN ERROR, v. PROGRESSIVE PAPER BOX COMPANY, DEFENDANT IN ERROR.

Argued November 20, 1908—Decided June 14, 1909.

Where the plaintiff, a boy fifteen years of age, employed to adjust a belt from a machine to a revolving shaft, was instructed only as to the method of adjusting the belt to the shaft and the machine, without any reference to the danger incident to the existence of brass hooks in the belt which became worn and sharp by continued friction, and which while revolving caught the plaintiff's sleeve and injured him, it cannot be said as matter of law that plaintiff assumed such risk as an obvious danger, and that the master was not guilty of negligence. A nonsuit ordered on these grounds set aside.

On error to the Supreme Court.

For the plaintiff in error, *Samuel Kalisch.*

For the defendant in error, *Whitehead & Payne.*

The opinion of the court was delivered by

MINTURN, J.   A nonsuit was granted by the trial court in this case upon the grounds that no negligence on the part of the defendant company had been proved, and that plaintiff was guilty of contributory negligence, and upon this direction the writ of error now before us was taken.   The plaintiff's case presented the facts that he, a boy of fifteen years, had been in the defendant's employ about five months flanging stays upon a small machine, which was not in constant use, and was movable from place to place in the factory.   When not in use it was moved to the wall near a window, and when in use it was placed directly under the shafting, so that a belt from the shaft might be attached thereto and the machine thus set in operation.   On the 27th of January, 1906, the plaintiff was injured while trying to put on this belt, and he describes the manner of his injury thus:  "The machine was near a window so I had to go up on the window in order that I could reach the shaft; so one foot I had on the window and the other I had on the machine, because I couldn't put it up when I was standing on the window, because I would fall over; I had to keep my balance; I went up and began to put up, and I was caught by one of the hooks there, and I was pulled up and my arm was crushed."   The belt referred to was of leather made up of three sections, sewed together, and fastened at the end of each seam by two brass hooks, which, by constant friction in the revolutions of the belt, became worn and sharp.   The sharp points thus produced protruded at the time of this accident from the belt and revolving caught the boy's sleeve.   He received no warning or instruction from or through defendant of the danger incident to this condition.   The extent of his instruction is conveyed by his testimony:

"*Q.* Had there been anything said by anybody with reference to the hooks that had been put in the belt?

"*A.* I didn't hear anything.

"*Q.* Had any of the bosses told you about the hooks in the belt?

"*A*. No one told me.

"*Q*. Had anyone shown you how to put the belt on the shaft?

"*A*. Yes, sir; the bôss showed me; he showed me once and then I put it on the next time."

It further appeared in the testimony that this was plaintiff's first employment in any factory or upon machinery, and that he entered defendant's employment about two weeks after his arrival in this country. Opposed to the rigid application of the doctrine of assumption of risk is the exculpatory factor in this case of the minority of this plaintiff. That *ipso facto* would not exempt him from the general application of the rule, but it has resulted in impressing upon the master as a prerequisite to absolution from the obligation to use reasonable care to safeguard his employes, the necessity for showing that the minor was notified of the danger which caused the injury, or was given ample instruction to enable him to comprehend the dangers incident to his employment. *Smith* v. *Irwin*, 22 *Vroom* 507; *Beckham* v. *Hillier*, 18 *Id.* 12; *Addicks* v. *Christoph*, 33 *Id.* 786.

The case as presented upon this writ is devoid of any testimony upon that question of an affirmatory character in defendant's behalf, while that above quoted from the lips of the plaintiff brings the case within the exception to the general doctrine, and if uncontroverted imposes liability upon defendant.

It may be said also that the doctrine applied in *Burns* v. *Del. & Atl. Telegraph Co.*, 41 *Vroom* 745, in the case of an adult may *a fortiori* be applied here in extenuation of any apparent culpability upon this plaintiff's part. The physical environment might be perfectly apparent to him, but the extent of any inherent latent risk in attempting to execute his work in the midst of revolving danger, might not be so apparent to an immature mind, so to speak, engaged in such an occupation, as to warn him of the danger.

This doctrine of consciousness of the physical environment, without proof of consciousness of the inherent danger in-

volved in the situation, has received its latest application in this court in *Laragay* v. *East Jersey Pipe Co., ante p.* 516, where Mr. Justice Garrison, speaking for the court, says: "In determining whether or not a risk is obvious in a legal sense the question as to the impression that would be made on the mind of a reasonably prudent man by the congeries of concurrent circumstances, is normally one for the jury, and always so when from such circumstances opposite inferences might in reason be drawn by different minds."

Whether, finally, the accident was in any degree the result of plaintiff's negligence presented a jury question. The case in this respect is resolvable under that rule of law applicable in actions of tort, which rests the determination of the controverted questions of fact as to the negligence of the master and the contributing negligence of the servant with the jury. *Consolidated Traction Co.* v. *Reeves,* 29 *Vroom* 573; *Newark Passenger Railway Co.* v. *Block,* 26 *Id.* 605; *Laragay* v. *East Jersey Pipe Co., supra.*

For the reasons above stated the judgment below is reversed and a *venire de novo* is awarded.

*For affirmance*—TRENCHARD, VOORHEES, GRAY, J.J. 3.

*For reversal*—THE CHANCELLOR, GARRISON, SWAYZE, PARKER, BERGEN, MINTURN, BOGERT, VREDENBURGH, VROOM, DILL, J.J. 10.