GEORGE PFROM. DEFENDANT IN ERROR. v. PUBLIC SERVICE CORPORATION OF NEW JERSEY. PLAINTIFF IN ERROR.

---

MARTIN PFROM, ADMINISTRATOR. &c.. OF JOHN PFROM. DECEASED, DEFENDANT IN ERROR, v. PUBLIC SERVICE CORPORATION OF NEW JERSEY. PLAINTIFF IN ERROR.

Submitted March 23, 1909—Decided June 14, 1909.

A plaintiff driving a buggy turned out from a trolley track to let a car behind him pass. He turned to the left, wholly or partly upon the left-hand track. and after the rear car had passed him, and while he was turning back upon the right-hand track again his buggy was struck by a car coming in front of him on the left-hand track. He testified that he looked for a car when he turned on to the left-hand track, but did not see any. There was testimony that at the time of the accident it was dusk or twilight —-that the street was not yet lighted—that there was no headlight on the colliding car, and that the car was running very fast. In view of these conditions it was a jury question whether the failure of plaintiff to see the car was negligence.

Two cases argued together at the March Term, 1909.

For the plaintiff in error, *Edward Ambler Armstrong.*

For the defendant in error, *William Early* and *Carrow & Kraft.*

The opinion of the court was delivered by

REED, J.   These are two writs of error bringing up two judgments of the Supreme Court.   One judgment is upon a verdict rendered in an action of George Pfrom against the defendant for injuries caused by a collision between a car of the defendant's and a buggy in which the plaintiff was riding.

The other judgment is entered upon a verdict in an action by the administrator of John Pfrom who was killed in the accident.

The collision which caused this injury occurred on June 30th, 1907, somewhere about eight o'clock in the evening. George Pfrom, the living plaintiff, and John Pfrom, the intestate, were brothers.   On the mentioned evening they were driving in a buggy along Federal street, in the city of Camden.   George Pfrom was driving.   They had turned into Federal street from Twelfth street, and were driving on the outbound track of the defendant's trolley road until they reached a point at or a little above Seventeenth street, and then an outbound car, running, of course, upon the same track upon which they were driving, came up behind them and signaled its presence.   George Pfrom, hearing the signal, pulled out from the outbound track to permit the car behind him to pass.   He pulled out to the left, either wholly or partly upon the inbound track of the trolley company.   The signaling car in the rear seems to have passed them, and after it had passed on George Pfrom turned to the right for the purpose of regaining the outbound track.   Apparently before his buggy had entirely cleared the left, or inbound track, a car inbound on that track struck the buggy, injuring George and killing John Pfrom.

There was testimony to the effect that it was dusk; that

there was no headlight on the car; that the car was running rapidly, and that there was no signal of its approach. There was sufficient testimony to carry the case to the jury upon the negligence of the operator of the car.

The main insistence of the plaintiff in error is that the evidence shows that the driver of the buggy must have been negligent in failing to avoid the collision.

In the first place, it is insisted that negligence of the plaintiff appears from the fact that in turning out from the outbound track they did not turn to the right, but, instead, turned to the left and upon the inbound track of the trolley company. It was the duty of the plaintiffs, on being warned that a trolley car was behind them, to give that car a reasonable opportunity to pass on its way upon the track from which it could not deviate. In performing this duty it was not negligence to turn out to the left so as to be wholly or partly upon the inbound track, certainly, if the plaintiffs had reason to think that to turn to the right was dangerous. *Hughes* v. *Camden and Suburban Railway Co.,* 36 *Vroom* 203.

George Pfrom swears that it was "rough and holey" on the right-hand side of the road.

It is again insisted that the plaintiffs should have seen the approach of the colliding car before turning in upon the inbound track, and that, in not seeing it, they were guilty of negligence.

George Pfrom testifies that he did not see the car until it was within ten or fifteen feet.

The rule is entirely settled in this court that a person using the public highway is bound to be observant of the presence of cars or vehicles which have the right to use the same street. While the pedestrian or the driver of a vehicle has a right to pass over or drive upon the track of a trolley road, he is, nevertheless, under an obligation to exercise care to see that it is safe for him to do so.

The rule laid down that one is negligent who attempts to cross a street railway track while his vision is obstructed and without waiting until the obstruction is removed, or he himself attains a position where he can assure himself of safety, is

based upon the implied duty to use his eyes, and to use them at such time and place as will permit such use to be effective. But George Pfrom says that he did look; so his negligence cannot be conclusively inferred from any admission of his that he did not look at all.

But although he swears that he looked, that might not in itself be conclusive of that fact, if it appeared, nevertheless, that if he had looked he must have seen the approaching car. It would be concluded that he was mistaken in saying that he looked.

So far as respects the intervention of any physical obstruction between him and the oncoming car, no such obstacle is shown to have existed to obscure the vision of the driver of the buggy. The track was without a curve for a long distance. Nevertheless, conditions were exhibited by the evidence which, in my judgment, made it a jury question, whether the presence of the oncoming car would have been observed by the use of reasonable vigilance.

In the *first* place, it appears that the time of the collision was at twilight, or, in the words of the conductor of the colliding car, "It was just the time of night when you could not see anything distinct without a light, and when a light would not do much good."

*Secondly,* it is in evidence that the electric street lights from Seventeenth street to Twentieth street were yet unlighted.

*Thirdly,* there was evidence that the headlight on the car was not yet lighted.

*Fourthly,* there was evidence from which a jury might have concluded that when George Pfrom turned wholly or partly in on the inbound track the colliding car was a considerable distance away. Exactly where that car met the car on the outbound track, which, after George Pfrom pulled out, passed by him, is not clear from the testimony, but there is testimony to show that the inbound car was running rapidly, and that the collision seems to have occurred between Eighteenth and Nineteenth streets.

In view of the conditions which a jury might have found

to exist, I think it cannot be said, as a matter of law, that George Pfrom, when he turned wholly or partly upon the inbound track, was negligent in failing to observe the oncoming car.

It follows that it was not error for the court to refuse to nonsuit upon the ground of plaintiff's contributory negligence.

It is again objected that there was error in the charge of the trial court. The criticism is that the trial court misstated the facts to the jury in saying that George Pfrom was driving on the right-hand track upon which the incoming car was running; that the outbound car came up behind him, and, as its presence was made known, George Pfrom turned to the left to allow the car to pass; that as he was turning again in on the outbound track the wagon was struck by a car on that track.

The plaintiff in error calls attention to the testimony of the motorman of the colliding car, who remarked that George Pfrom was driving on the outbound track. This witness also stated that the horse sprang over in front of him, and that he could not understand how he got there.

That this casual remark of this witness was not regarded as of sufficient importance to leave a question for the jury whether the facts as they really existed were different from the facts stated by the judge, is apparent from the course of the counsel for the defendant in not calling the attention of the trial judge to it while listening to his remarks upon the general features of the collision; besides, if it were a question whether the plaintiff was driving upon the outbound track, and suddenly turned in on the left-hand track, that the judge did not intend to exclude that question from the jury, is apparent from that part of the charge in which he directed the jury that "if he," meaning the motorman, "had his car under control, and the wagon suddenly turned in front of his moving car, and he then did all that a reasonably prudent man could do to check the progress of the car and avoid the accident, the company was not liable."

I see no injurious error in the charge in this respect.

It is again insisted that this language of the court, in con-

nection with what preceded it, laid down an erroneous rule respecting the liability of the company for negligence.

We perceive no error in the language used, and, if there was error, there was no specific assignment of error to cover the point.

Again, in the brief of the counsel for plaintiff in error, there is an attack upon the judgment, because it appears from the *postea* that the jury assessed as damages a certain sum over and above his costs and for costs six cents, and that the judgment is for the sum found for damages, and a blank sum for costs and charges.

In respect to this point it is sufficient to say that there is no specific assignment of error directed to it.

The judgment below should be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, REED, TRENCHARD, PARKER, BERGEN, VOORHEES, MINTURN, BOGERT, VREDENBURGH, VROOM, DILL, CONGDON, J.J.   15.

*For reversal*—None