STATE of Missouri, Respondent,

v.

John Frederick COOKSON, Appellant.

No. 49202.

Supreme Court of Missouri,

Division No. 2.

Nov. 14, 1962.

———◇———

Morris A. Shenker, Murry L. Randall, St. Louis, for defendant-appellant.

Thomas F. Eagleton, Atty. Gen., Eugene G. Bushmann, Asst. Atty. Gen., Jefferson City, for respondent.

BARRETT, Commissioner.

John F. Cookson, with a prior felony conviction, has been found guilty of robbery in the first degree and sentenced to twelve years' imprisonment. Without regard to the appellant's connection with the offense, the basic facts are that on the 29th day of December 1960, as Mary and Gilbert Grieshaber, operators of Gip's Tavern, drove onto the parking lot at the rear of their tavern they were held up by masked gunmen and robbed of $6,000. The robbers escaped in a stolen automobile and the Grieshabers were unable to identify them or furnish clues as to their identity. Seven weeks after the robbery, on February 18, 1961, the appellant, his wife and his mother-in-law were arrested and finally the appellant was charged with the robbery.

The parties have briefed and argued two principal questions: (1) whether a second admission or confession by Cookson was voluntary or involuntary, and (2) whether certain evidence was obtained by an illegal search and seizure. But these problems, particularly the second, are bound up with and hinge upon another problem determinative of this appeal and, for that reason, it is not necessary to consider the assignments with respect to the admission or the search and seizure.

When the police came to the apartment at 5794 McPherson, rented by his mother-in-law and then occupied by the mother-in-law, the appellant, and his wife (they were in fact packed and in the process of moving to other apartments), they had no warrant for the arrest of anyone and of course did not have a search warrant. Furthermore, they had no information as to who may have held up and robbed the Grieshabers except for a tip from informers. Nevertheless, they arrested Cookson, his wife and his mother-in-law and searched the apartment. As to an anonymous informer, one of the officers said, "I had received a 'phone call, anonymous; the person who called refused to five his name. He stated that John Cookson and *David* Satterfield (there was no *David* Satterfield, the other suspected robber was known as *Sam* Satterfield) had committed the robbery of the tavern owner at Grand and Arsenel." This informer did not give the officer Cookson's address, he did give him a telephone number, presumably that of the mother-in-law.

Subsequently, on cross-examination, this officer again told about the anonymous caller a week before the arrest and said that the call caused him to make further investigation. This time, he said, "we talked to another informant" whose previous "tips" had proved reliable, and the second informer said that Cookson and David Satterfield "had held up the tavern at Second and Arsenal," that they had a large sum of money and were spending freely. The second informer also gave the officer a telephone number and said *"they* were living somewhere on McPherson."

The police relied upon the anonymous telephone call and the tip from the informer as probable cause for arresting Cookson and the search of the apartment in which he may have had a room. Even upon direct examination the policeman stated that he did not "wish" to disclose the name of his informant, that he considered the whole matter "confidential." On cross-examination defendant's counsel put the direct question: "Officer, who was your second informant?" State's counsel objected that "the Williams case" held that the officer did not have "to disclose the confidential informant." The court said, "Well, under the circumstances I am going to sustain the objection, but I am going to pay very little attention to it. I don't see how you can disclose something and limit cross-examination and give it weight. * * * Well, I'll sustain the objection, but see if you can find a case on it for me, if you can get it." Had the problem ended there, with the court paying "very little attention to it," it might not have been so serious. But the matter did not end there, at the conclusion of the hearing on the motion to suppress evidence and in overruling this phase of the motion the court announced, "I am going to overrule the motion to suppress; the authority is State v. Bailey, (320 Mo. 271), 8 Southwestern (2nd) [57] states in there—* * * that law enforcement officers may have informants, and this probable cause they had for, previously, to make an arrest on any information."

In State v. Bailey, as the court indicated, it was held that the court did not err in refusing to require an officer to disclose the name of his informant. The plain implication of the case was that there is an absolute or unqualified privilege and the officer may not in any circumstance be compelled to reveal the identity of his informers. Annotation 76 A.L.R.2d 262, 328. But, unknown to the court evidently, State v. Bailey was modified if not overruled by the court en banc in State v. Edwards (1958), Mo., 317 S.W.2d 441. On motion to suppress evidence where, as in this case, the issue is the legality of an arrest or a search without a warrant, it was held that each case must be decided on its particular facts and merits. But it was further held, and that was the crux of the case, that whether the officer must reveal the name of his informer is in the first instance a matter for the trial court's "scrutiny" or discretion. State v. Redding, (Mo.) 357 S.W.2d 103, 108; 76 A.L.R.2d, 1. c. 343–344. The state argues here that the court did not decide whether the officer should reveal the name of his informer "by a reliance upon the Bailey case," but only considered the case "when passing upon the question of whether information gained from an informant can lead an officer to believe he had reasonable grounds to suspect a person of a felony and arrest him." As indicated in the beginning, this problem was connected with the two principal questions, the legality or probable cause for the arrest and the propriety of the search and seizure, but in the plainest possible language the court stated that the "authority" for refusing to compel the disclosure was State v. Bailey. Not only did the court treat the privilege against disclosure as unqualified, it does not appear whether the informer was a participant or nonparticipant in the offense. 76 A.L.R.2d, 1. c. 287–288. And aside from the informer the police had no reason to suspect the appellant. The record in this case is almost identical with the record in the Edwards case and it is obvious that the court did not follow or apply the principle of that case and exercise its discretion, and as the court

there said, "The conclusion here reached that the question is for the trial court in the first instance, of necessity, limits this court to review of such a ruling. Consequently, the judgment must be reversed and the cause remanded, to the end that the trial court, upon another trial, may, in the exercise of its discretion, determine whether the defendant can have a fair trial without requiring the officer to disclose the name of his informant." 317 S.W.2d, l. c. 447.

BOHLING and STOCKARD, CC., concur.

PER CURIAM.

The foregoing opinion by BARRETT, C., is adopted as the opinion of the Court.

All of the Judges concur.