(No. 39283.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* FLOYD CONNIE *et al.,* Appellants.

*Opinion filed March 24, 1966.*

SAM ADAM, of Chicago, for appellants.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH, Assistant Attorney General, and ELMER C. KISSANE and JAMES B. KLEIN, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE SOLFISBURG delivered the opinion of the court:

The defendants, Floyd Connie and Kim Rivera, were arrested and charged with the unlawful possession of hypodermic needles and syringe. (Ill. Rev. Stat. 1963, chap. 38, par. 22—50.) They were tried by the court, found guilty, and both given one year's probation. The first fifteen days of Connie's probation and the first five of Rivera's are to be served in the house of correction. Defendants appeal their convictions on the ground that their constitutional rights were violated.

The sole issue on this appeal involves the duty of the State to disclose the identity of the informer. On September 16, 1964, police officer William Walsh obtained a search warrant to search an apartment at 1337 West Madison Street in Chicago. The warrant was issued on the basis of information received from a previously reliable informer who stated that he had purchased and observed narcotics in the apartment that day. Three officers served the warrant at 7:20 P.M. on September 17, searched the apartment, and found 24 needles and a hypodermic syringe. They then arrested the two defendants who were present in the apartment.

On motions to quash the search warrant and to suppress evidence, it appears that the informer advised the police that he had been in the apartment on September 16 and had purchased and used heroin supplied by defendant Connie. Defendant Connie testified that he had not been in the apartment on September 16, and defendant Rivera testified that Connie had not been there for several days, arriving just

ten minutes before the police on September 17. They were lying on the bed watching television when the police arrived. Rivera further testified that on September 16 a man she knew named "Fat Charles" was the only one in the apartment. She testified that "Fat Charles" told her he had a package he wanted to leave, and said "he had a run to make," and he didn't want the package with him. She permitted him to leave the package but claimed she did not know what was in it. Defendants' counsel asked that the name and address of the informer be revealed and that he be produced for the purpose of trial. These requests were denied. The motions to quash and suppress were denied and the parties submitted the case to the court upon a stipulation of evidence, and the defendants were found guilty and sentenced.

On this appeal defendants narrowly delineate the issue, stating in their brief:

"The question involved in this appeal is *not* whether probable cause existed for the issuance of the search warrant for the premises located at 1337 West Madison Street, 2nd floor front apartment, Chicago, Illinois.

"The issue to be resolved here is: Whether the refusal of the court and the State to either produce the unnamed informer or to give the defendants sufficient information so that they might themselves produce him as a witness at trial on the merits, under the circumstances here existing, denied to the defendants their constitutional right of due process of law, and their right to have compulsory process for obtaining witnesses in their favor."

Defendants rely on *Roviaro* v. *United States,* 353 U.S. 53, 62, 64, 1 L. Ed. 2d 639, 646-647, where the court reversed a narcotics conviction for failure of the government to disclose the name of the informer who actively participated in the commission of the offense charged. The court stated: "We believe that no fixed rule with respect to disclosure is justifiable. The problem is one that calls for

balancing the public interest in protecting the flow of information against the individual's right to prepare his defense. Whether a proper balance renders nondisclosure erroneous must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors. * * * This is a case where the Government's informer was the sole participant, other than the accused, in the transaction charged. The informer was the only witness in a position to amplify or contradict the testimony of government witnesses. Moreover, a government witness testified that Doe denied knowing petitioner or ever having seen him before. We conclude that, under these circumstances, the trial court committed prejudicial error in permitting the Government to withhold the identity of its undercover employee in the face of repeated demands by the accused for his disclosure."

In *People* v. *Mack,* 12 Ill.2d 151, we considered the *Roviaro* decision, but did not compel disclosure of the informer, stating at pages 165-166: "Although the defendant urges the result of the *Roviaro* case upon us, similar circumstances do not prevail in this case. Here officer Sims stated without contradiction that the informer took no part in serving the search warrant or in defendant's arrest; the record is barren of any showing or inference that he either participated in the crime of the defendant or helped set up its commission; and no part of his communication to the police or conversations with defendant, if any he had, were used as evidence in the cause. Nor does it appear, from the theory of total denial that was pursued, that the testimony of the informer would be relevant or helpful to the defense."

Similarly in the case at bar the informer took no part in serving the search warrant or in the defendants' arrest. Defendants also deny knowledge of the contraband and deny that anyone but "Fat Charles" was in the apartment at the time mentioned by the informer.

The argument of defendants seems to be that "Fat Charles" was the informer, that he deposited the contraband in the apartment, and that therefore they should be freed on the doctrine of *People* v. *Strong,* 21 Ill.2d 320. In the *Strong* case we reversed a narcotics conviction on the grounds of entrapment because of evidence tending to show that a known government employee supplied the narcotics involved in the illegal sale. The holding there did not involve the disclosure of the informer and is inapplicable to the present case.

It appears from the record that "Fat Charles" was well known to the defendant, Kim Rivera, had access to her apartment, and was permitted to leave a package containing objects he didn't want with him because "he had a run to make." The question propounded by the defense and their various oral motions to compel disclosure or production of the informer were general. None were directed at determining the address or the production of "Fat Charles". This is not the case where it is claimed that an unknown stranger deposited narcotics and later informed the police, (*People* v. *Perez,* 42 Cal. Rptr. 161,) nor is it a case involving the hiding of a material witness by the State. *People* v. *Wilson,* 24 Ill.2d 425.

Defendants here insist on the right to a disclosure of an informer merely on the basis of their claim that the contraband involved was received from a friend of the defendant Rivera. The strong policy considerations in favor of the so-called "informer's privilege" have been consistently recognized, and the privilege has been rejected only in cases where necessary to grant defendants a fair trial. (*Roviaro* v. *United States,* 353 U.S. 53, 1 L. Ed. 2d 639; *People* v. *Mack,* 12 Ill.2d 151.) We believe that to reject the claim of privilege in this case would be to render it meaningless. We think it clear on this record that defendants did not seek to locate "Fat Charles" but to avoid conviction by the State's reluctance to reveal the identity of their informer.

If defendants' contention is upheld any person accused of possession of narcotics could avoid the effect of the informer's privilege set forth in *People* v. *Durr,* 28 Ill.2d 308, and *People* v. *Mack,* 12 Ill.2d 151, by merely claiming that the contraband was left with them by a third person. We are convinced that the informer's privilege cannot so easily be defeated and that defendants were not denied a fair trial by the failure to reject the privilege here. *People* v. *Mack,* 12 Ill.2d 151.

The judgments of the circuit court of Cook County are accordingly affirmed.

*Judgments affirmed.*