**UNITED STATES of America**
v.
**Francis Jerome WINTERS, a/k/a Francis Jerome Waddell, Appellant.**

**No. 17941.**

United States Court of Appeals Third Circuit.

Argued Dec. 18, 1969.

Decided Jan. 19, 1970.

Rehearing Denied March 25, 1970.

Thomas A. Livingston, Livingston, Miller & Haywood, Pittsburgh, Pa., (John L. Doherty, Pittsburgh, Pa., on the brief), for appellant.

Thomas A. Daley, Asst. U. S. Atty., Pittsburgh, Pa. (Richard L. Thornburgh, U. S. Atty., Pittsburgh, Pa., on the brief), for appellee.

Before McLAUGHLIN, FREEDMAN, and ADAMS, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM.

The defendant, Winters, was convicted of violating 18 U.S.C. Section 641, for concealing and retaining stolen United States money orders having a value in excess of $100, with the intent to convert them to his own use knowing them to have been stolen.

While investigating a burglary of postal money orders and a validating stamp from branch post offices, postal authorities obtained information from informants that the stolen money orders were being concealed by the defendant at a particular address.

When the inspectors arrived at the premises described in the search warrant they had obtained, the defendant and another person were outside the building. The inspectors informed the defendant the reason for the visit and showed the defendant the warrant. The defendant entered the apartment with the inspectors and offered them a cup of coffee. Defendant then sought permission and got a drink of water from the kitchen. The defendant opened one or more drawers in the kitchen and said, "You see, there is nothing here." The inspectors

continued their search, opened a cabinet in the kitchen and removed a brown paper bag. At this point, the defendant left the kitchen area and went into the living room. The inspectors called to the defendant to return to the kitchen, but the defendant stayed in the living room. The inspectors opened the paper bag and removed seventy-three postal money orders, the ones allegedly stolen·from the post office.

After introducing the above evidence, the prosecution rested. The defendant moved for a judgment of acquittal, which was denied. The defendant presented no evidence.

On this appeal, the defendant contends that there was insufficient evidence to warrant a finding that he was in possession and control of the apartment so as to permit an inference of possession of the stolen money orders that were found there. He also argues that it was error for the trial judge to refuse to provide him with names of the informants who had advised the postal authorities that the money orders were at the apartment in question.

■ We agree with the District Court that the factual circumstances did not make it unreasonable for a jury to believe beyond a reasonable doubt that the defendant had possesssion of the room and to infer from this that he had possession of the articles in question. Defendant's conduct in being voluntarily at the premises in question, accompanying the inspectors as they went into the apartment, offering them coffee, telling the visitors to search the drawers, and then going into another room when the bag containing the money orders was found, was sufficient evidence from which a jury could find that defendant had possession and knowledge of the stolen money orders.

■ We likewise reject defendant's argument that disclosure of the identity of the informants was necessary under Roviaro v. United States, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957). In the circumstances of this case there is in-

sufficient evidence to reverse the trial judge's determination that the defendant would° not be aided or helped by divulgence of the names of the informants. His decision was made after an *in camera* interview with the informants, a procedure approved by this Court in United States v. Jackson, 384 F.2d 825 (3d. Cir. 1967) cert. denied 392 U.S. 933, 88 S.Ct. 2292, 20 L.Ed.2d 1390. The defendant alleges no particular reason why he would be aided by the informants' presence so as to counterbalance the public interest recognized in *Roviaro* in "protecting the flow of information." Although the trial judge should perhaps have revealed the number of informants to the defendant, a point appellant raised at oral argument but not in the briefs, such is not sufficient reason to upset the conviction since the information even if disclosed would not have afforded the defendant the opportunity to cross examine the informants. The argument advanced by defendant that this information could have been used to cross examine the postal inspector who testified, does not warrant a contrary decision.

In his closing address to the jury, the United States Attorney had argued: (N.T. 153).

> "* * * Wouldn't a man without guilty knowledge, when he saw Inspector MacBriar take out the brown bag from the cabinet, say, 'I have never seen that before. I don't know how that got there?' Or, after the bag was opened by Inspector MacBriar and the money orders taken out, wouldn't he say, 'I have never seen those before and I don't know how they got there'?"

■ The defendant did not object to this comment, did not object when the testimony referred to in the comment was introduced into evidence, and did not request the trial judge to issue instructions to the jury regarding the matter although he was given ample opportunity to do so.

Aside from defendant's failure to raise this point until after the verdict, we do not consider the comment to have the

same gravity as the testimony in United States ex rel. Staino v. Brierly, 387 F. 2d 597 (3d. Cir. 1967) and United States ex rel. Smith v. Brierly, 384 F.2d 992 (3d. Cir. 1967). In each of these cases, police officers *testified* regarding implicating statements that were read or made to defendants after the defendants had been accused and arrested, and the officers then testified about the defendants' reaction or failure to in any way deny the validity of such statements.

Nor do we believe there is any basis on which to reverse the trial court's determination that the argument by the prosecutor was not such as to "cause the jury to draw negative implications from the failure of the defendant to take the stand and testify."

Accordingly, the judgment of the District Court will be affirmed.