## No. 24427

## James DeLaCruz v. The People of the State of Colorado
(492 P.2d 627)

Decided January 10, 1972.

Laurence A. Ardell, for plaintiff in error.

48

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, George E. DeRoos, Assistant, Jack Hanthorn, Assistant, for defendant in error.

*En Banc.*

MR. JUSTICE ERICKSON delivered the opinion of the Court.

James DeLaCruz, the defendant below, was convicted of possession of heroin. He has appealed to this Court seeking reversal on the ground that the Pueblo police obtained evidence in violation of his constitutional. rights. U.S. Const. amend. IV; Colo. Const., art. II, § 7. The conviction was based upon the admission into evidence of heroin which was seized from the defendant at the time of his arrest. The defendant contends that the heroin should not have been admitted as evidence, but should have been suppressed because it was the fruit of a warrantless arrest that was made without probable cause.

At the hearing on the motion to suppress, the prosecution had the burden of establishing that the arrest was supported by probable cause. *People v. Feltch,* 174 Colo. 383, 483 P.2d 1335 (1971); *People v. Valdez,* 173 Colo. 410, 480 P.2d 574 (1971). To justify the arrest, the prosecution called Officer Koncilja, who testified that just prior to the defendant's arrest he received a telephone call from a confidential, reliable informant. He said that the informant told him that two of three men, whom he identified by name and who were known to the police, would be in the area of Ninth and Elizabeth Streets within fifteen minutes and that they would have heroin in their possession. The informant also stated that the men would either be in a white 1966 Pontiac sedan with a very pronounced dent in the left front fender or in a Nash Rambler with a red top and black bottom. Officer Koncilja further testified that after he had gone to the area described by the informant, he observed the white 1966 Pontiac automobile with a dent in the left front

fender and recognized its occupants as two of the three men named by the informant. One of the two men was the defendant. The other man was a known narcotics user who had been previously convicted of narcotics offenses. In addition, the officer had learned from another informant that the defendant had sold marijuana to him within the last two days. Based upon all of this information and the officer's familiarity with the two men from previous narcotics investigations, the two men were arrested and searched. When the defendant was arrested and searched, a small bottle of heroin was found in his pants pocket.

■ It is clear from the testimony presented at the suppression hearing that the defendant was arrested without a warrant and that the arresting officers were confronted with exigent circumstances. *See People v. Moreno,* 176 Colo. 488, 491 P.2d 575; *Dorman v. United States,* 435 F.2d 385 (C.A. D.C. 1970); *Coolidge v. New Hampshire,* 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971). Time was of the essence in this case, and the police officers had the choice of either acting upon the information which they had obtained or of allowing the narcotics violation to escape detection. When police officers are prevented from securing a warrant because of time limitations such as existed here, the exigent circumstances permit an arrest without resort to the time-consuming process incident to the obtaining of a warrant. *Accord, Warden, Maryland Penitentiary v. Hayden,* 387 U.S. 294, 87 S.Ct. 1642, 18 L.Ed.2d 782 (1967).

■ Whether the prosecution's evidence satisfied the probable cause requirements of the Fourth Amendment hinges upon whether the facts in this case meet the standards enunciated in *Aguilar v. Texas,* 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964), or *Draper v. United States,* 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327 (1959). *See also, Sibron v. New York,* 392 U.S. 40, 88 S.Ct. 1889, 20 L.Ed.2d 917 (1968), for further limitations on police conduct. The Supreme Court's opinion in *Aguilar v. Texas, supra,* outlined a two-pronged test for determining whether information received from an informer is sufficient to establish probable

cause. First, the police must know of some of the underlying circumstances which establish a basis for the informant's conclusion that a crime has been or is being perpetrated by an accused. Second, there must be some basis for believing that the information supplied by the informant was credible or the informant was reliable.

Whether the police conduct was reasonable is another factor which the courts must examine in weighing the validity of the police action which preceded a search or seizure. *Coolige v. New Hampshire, supra; United States v. Rabinowitz,* 339 U.S. 56, 70 S.Ct. 430, 94 L.Ed. 653 (1950). Every search and seizure issue must be considered on the basis of the totality of the circumstances.

At the time of the defendant's arrest, one of the arresting officers had received information from two informants. One of the informants, who had previously provided information leading to convictions for narcotics offenses, made a declaration against penal interest that was clearly sufficient to support the issuance of a warrant for the defendant's arrest for the sale of narcotic drugs. *United States v. Harris,* 403 U.S. 573, 91 S.Ct. 2075, 29 L.Ed.2d 723 (1971); *Aguilar v. Texas, supra.* Before a charge was made against the defendant for the sale of narcotic drugs, the officer obtained information from another informant which lent further support to the conclusion that the defendant was engaged in criminal activity involving narcotic drugs. This informant's tip described the activity of the accused in minute detail, but failed to comply with the requirement in *Aguilar* that an informant's tip contain some of the underlying circumstances from which the informant concluded that the accused had committed a crime.

In the absence of a statement detailing the circumstances underlying an informant's conclusion, an informant's tip may only support a finding of probable cause if it describes the criminal activity of the accused in sufficient detail to allow the trial court to reasonably infer that the informant obtained his facts in a reliable manner. *Spinelli v. United States,* 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637

(1969); *Draper v. United States, supra.* Here, if police officers had arrested the defendant solely on the basis of the facts supplied by the informant immediately prior to the arrest, the trial court would have been presented with a close question as to whether the informant's tip attained the bench mark established in the *Draper* case. The trial court was not confronted with such a determination, however, because the arresting officers had independent evidence that the defendant was engaged in the sale of narcotics and the additional facts supplied by the informant described the activity of the accused in such detail that the police could deem the facts to be accurate. The police were confronted with the alternative of either allowing the narcotics to be used, sold, or destroyed or of taking immediate steps to effect an arrest and search. Based upon all of the information the officers possessed and the totality of the circumstances, we conclude that the trial court correctly decided that the officers had reasonable grounds to believe that the defendant was guilty of committing a felony.

One last question relating to informants remains to be decided. The defendant contends that at the suppression hearing the police were obliged to provide the identity of the informants. We cannot agree. At a preliminary hearing to determine whether there was probable cause to support an arrest, the disclosure of the identity of an informer is not a constitutional right, and the informant's identity need not be made known. *McCray v. Illinois,* 386 U.S. 300, 87 S.Ct. 1056, 18 L.Ed.2d 62 (1967); *Cooper v. California,* 386 U.S. 58, 87 S.Ct. 788, 17 L.Ed.2d 730 (1967); *See United States v. Ventresca,* 380 U.S. 102, 85 S.Ct. 741, 13 L.Ed.2d 684 (1965); *Aguilar v. Texas,* 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964). Rather, the disclosure of the identity of an informer is an evidentiary matter within the sound discretion of the trial judge. If the trial judge is convinced that the police officers relied in good faith upon credible information supplied by a reliable informant, the informant's identity need not be disclosed at the suppression hearing. *People v. Connie,* 34 Ill.2d 353, 215 N.E.2d 280 (1966);

*People v. Durr,* 28 Ill.2d 308, 192 N.E.2d 379 (1963); *People v. Coffey,* 12 N.Y.2d 443, 191 N.E.2d 263 (1963); *State v. Cookson,* 361 S.W.2d 683 (Mo. 1962); *Simmons v. State,* 198 Tenn. 587, 281 S.W.2d 487 (1955). If, however, the trial judge doubts the credibility of the affiant, he may require that the informant be identified or even produced. *State v. Burnett,* 42 N.J. 377, 201 A.2d 39 (1964).

Judgment affirmed.