## No. 26025

### The People of the State of Colorado v. Gilbert R. Quintana and Carol S. Quintana

(514 P.2d 1325)

Decided October 9, 1973.

Dale Tooley, District Attorney, O. Otto Moore, Assistant, Brooke Wunnicke, Chief Appellate Deputy, for plaintiff-appellant.

Eugene Deikman, Harry K. Nier, Jr., for defendants-appellees.

Rollie R. Rogers, State Public Defender, J. D. MacFarlane, Chief Deputy, Harold A. Haddon, Chief Trial Deputy, Thomas M. Van Cleave III, Deputy, appearing as amicus curiae.

Jon L. Holm, Peter D. Willis, for amicus curiae Denver Police Union Local No. 109.

Roger H. Allott, James M. DeRose, for amicus curiae Colorado District Attorneys Association.

*En Banc.*

MR. JUSTICE GROVES delivered the opinion of the Court.

This is an interlocutory appeal by the District Attorney pursuant to C.A.R. 4.1 (amended on April 1, 1971), from a ruling of the district court granting the defendants' motion to suppress evidence on the ground that certain conditions had not been met. We reverse the ruling.

A search warrant was predicated upon the following affidavit:

"I, Officer Gary Leuthauser 69-46, a member of the Denver Police Department, presently assigned to the Vice/Narcotics Bureau received information from Det. Robert Cantwell assigned to the Special Narcotics Unit. Det. Cantwell stated to your affiant that he received information on 1-13-73 from a previously reliable confidential informant who has given him information in the recent past that has results [sic] in the arrests and seizure of narcotics, that there is a large quantity of marijuana at the location of 1365 Mariposa St. The informant stated to Det. Cantwell that he was on the premises on 1365 Mariposa St. on 1-13-73 and observed a large quantity of marijuana in bulk and bag form. The informant further stated that the party living at the location is unknown to him and is about 25 years old and is a Spanish American male. The informant stated that he observed this unknown party sell an amount of marijuana to another unknown party while he was at the location. On 1-13-73 your affiant and Det. Dennis M. Talty conducted a surveillance of the premises 1365 Mariposa St. and observed numerous unknown parties enter the premises, stay for a few minutes and then leave the premises. Because of this information set forth in this affidavit your affiant request [sic] that a search warrant be issued for the listed location so that the marijuana on the premises be seized before it is sold, consumed, or otherwise disposed of."

The People claim that narcotic drugs were seized in the

search under the warrant. The court held an evidentiary hearing upon the defendants' motion to suppress this evidence. At the conclusion of the hearing the court ordered that Detective Cantwell disclose to the court, *in camera* and outside the presence of counsel and the parties, the name of the informer and his present location, if known, and the facts and circumstances surrounding the prior tips received from the informer; that a record of this *in camera* proceeding be made, sealed and preserved for the purpose of any appellate review of the proceeding and that the contents of the hearing should not be revealed without the consent of the prosecution; but that the "prosecution may, if it so chooses, withhold the identity of the informer, but upon the prosecution's election to withhold the identity of the informer, the Defendant's motion to suppress shall be granted."

The prosecution elected to withhold the identity of the informer and the court thus granted the motion to suppress.

On July 16, 1973, we announced an opinion in this matter in which we approved the ruling of the district court. Thereafter, we granted a petition for rehearing, received further briefs and heard oral argument. We now withdraw the first opinion and reverse the district court's ruling.

## I.

■■■ The defendant submits that the affidavit was factually insufficient. In recent years there have been a number of opinions of this court dealing with the sufficiency of affidavits supporting search warrants, and many of these opinions have contained rather thorough review of the authorities. It would seem that, commencing with this opinion, some of our further opinions need not repeat the citations and statements concerning the prongs of probable cause and reliability. Under *Spinelli v. United States,* 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969), *Aguilar v. Texas,* 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964), and *People v. Ward,* 181 Colo. 246, 508 P.2d 1257 (1973), we regard the affidavit here as barely sufficient.

## II.

■ The defendant contends that the affidavit was insuf-

ficient because it was predicated upon double hearsay. We have ruled otherwise when, as here, the information is conveyed by one police officer to another police officer. *People v. Leahy,* 173 Colo. 339, 484 P.2d 778 (1970).

### III.

The People contend that the trial court erred in requiring disclosure of the informant's identity and in ordering the prosecution to choose between disclosure and suppression of evidence. *DeLaCruz v. People,* 177 Colo. 46, 492 P.2d 627 (1972), has been cited to us. There it was stated:

"At a preliminary hearing to determine whether there was probable cause to support an arrest, the disclosure of the identity of an informer is not a constitutional right, and the informant's identity need not be made known. McCray v. Illinois, 386 U.S. 300, 87 S.Ct. 1056, 18 L.Ed.2d 62 (1967); Cooper v. California, 386 U.S. 58, 87 S.Ct. 788, 17 L.Ed.2d 730 (1967); *see* United States v. Ventresca, 380 U.S. 102, 85 S.Ct. 741, 13 L.Ed.2d 684 (1965); Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964). Rather, the disclosure of the identity of an informer is an evidentiary matter within the sound discretion of the trial judge. If the trial judge is convinced that the police officers relied in good faith upon credible information supplied by a reliable informant, the informant's identity need not be disclosed at the suppression hearing. People v. Connie, 34 Ill.2d 353, 215 N.E.2d 280 (1966); People v. Durr, 28 Ill.2d 308, 192 N.E.2d 379 (1963); People v. Coffey, 12 N.Y.2d 433, 240 N.Y.S.2d 721, 191 N.E.2d 263 (1963); State v. Cookson, 361 S.W.2d 683 (Mo. 1962); Simmons v. State, 198 Tenn. 587, 281 S.W.2d 487 (1955). If, however, the trial judge doubts the credibility of the affiant, he may require that the informant be identified or even produced. State v. Burnett, 42 N.J. 377, 201 A.2d 39 (1964)."

The District Attorney has, of course, cited this case for the first part of the quoted material. The district judge, in making his preliminary ruling seeking the identity of the informant, was relying, at least in part, upon the last quoted sentence.

Where there is presented to the trial court evidence of lack

of credibility of the affiant or of his officer-informant or where the judge has knowledge of matters which would cause him to doubt such credibility, the court may in its discretion order a condition of disclosure as was done here.

*DeLaCruz* involved a search incident to an arrest. We believe that generally the same rules should be applied to a trial judge with respect to a search under warrant. As indicated, a limitation must be placed upon the last sentence of the quotation. Where, as here, no evidence of lack of credibility of the affiant or of his officer-informant has been presented or where the judge has not shown that he had knowledge of matters which would cause him to doubt such credibility, the trial court may not require identification — and much less the production — of the confidential informant. As to this limitation we call attention to the fact that we are not here dealing with an order of the magistrate who issued the warrant.

Defendant calls our attention to the testimony of the affiant, Officer Leuthauser, at the hearing. He testified that Detective Cantwell (who relayed to the affiant the information obtained from the informant) spoke with him for only five to ten minutes regarding the alleged criminal activity. Defendant contends that the shortness of the communication time affects credibility. It has not been demonstrated that Detective Cantwell could not have communicated such information to the affiant within this time span.

The ruling of the district court is reversed and the cause remanded with directions to proceed consonant with the views expressed in this opinion.

MR. JUSTICE ERICKSON dissents.

MR. JUSTICE ERICKSON dissenting.

I respectfully dissent. I would affirm the trial court's order which suppressed the evidence.

In my opinion, the affidavit which provides the foundation for the search warrant does not meet the two-pronged test set forth by the United States Supreme Court in *Aguilar v. Texas,* 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964).

and later in *Spinelli v. United States,* 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969). The affidavit fails to satisfy the second prong of the *Aguilar* test. Nothing appears in the affidavit which would permit the judge who issued the warrant to make an independent judgment as to the informant's credibility or the reliability of his information. The affidavit merely recites that the confidential informant is credible and that his information has on past occasions proven to be reliable. In construing *Aguilar* and *Spinelli,* we have held in a series of cases that more is required to sustain the validity of a search warrant. *People v. Ward,* 181 Colo. 246, 508 P.2d 1257 (1973); *People v. Peschong,* 181 Colo. 29, 506 P.2d 1232 (1973); *People v. Brethauer,* 174 Colo. 29, 482 P.2d 369 (1971); *Hernandez v. People,* 153 Colo. 316, 385 P.2d 996 (1963).

In *People v. Brethauer, supra,* we suggested that when an affidavit was insufficient, it was the duty of the judge who was considering the issuance of a warrant to point out the deficiencies in the affidavit to enable law enforcement officers to determine whether they could obtain or present additional facts which would satisfy the requirements of probable cause. The issuance of warrants should not be a mechanical and ministerial act. Moreover, in my view, a judge who is called upon to issue a warrant or to pass upon the sufficiency of an affidavit which supports a warrant, if he doubts that an informant exists or the credibility of an affidavit, can demand that the affiant disclose *in camera* the name of the informant or can even require that the informant be produced. *DeLaCruz v. People,* 177 Colo. 46, 492 P.2d 627 (1972).

The disclosure of the identity of an informant, when made *in camera,* does not, in my view, impede the free flow of information to law enforcement personnel from confidential informants. The confidential identity of the informant is as well preserved in the hands of the court as it would be in the hands of the police.

In casting an impossible burden of proof upon the person who attacks the search warrant or the existence of a

confidential informant and the information supplied by that informant, the majority opinion goes far beyond the tests laid down in *Roviaro v. United States,* 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957), and *McCray v. Illinois,* 386 U.S. 300, 87 S.Ct. 1056, 18 L.Ed.2d 62 (1967). *Accord, United States v. Winters,* 420 F.2d 523 (3d Cir. 1970); *United States v. Jackson,* 384 F.2d 825 (3d Cir. 1967), *cert. denied,* 392 U.S. 933, 88 S.Ct. 2294, 20 L.Ed.2d 1391 (1967);*Durham v. United States,* 403 F.2d 190 (9th Cir. 1968), *vacated on other grounds,* 401 U.S. 481, 91 S.Ct. 858, 28 L.Ed.2d 200 (1971). *See also United States v. Roth,* 391 F.2d 507 (7th Cir. 1967); *United States v. Pearce,* 275 F.2d 318 (7th Cir. 1960).

In my view, the majority opinion adds a new dimension to already confusing standards on the law of search and seizure. The citadel of privacy created by the Fourth Amendment of the United States Constitution has been interpreted by the United States Supreme Court in a series of decisions which have tended to frustrate law enforcement personnel and to leave every citizen and lawyer in doubt as to the protection which the Constitution provides. The different perspectives and views of the individual Justices on the Supreme Court of the United States has undergone radical change without having principles of law finalized with precision on search and seizure. Contrast, *Coolidge v. New Hampshire,* 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971), with *Cady v. Dombrowski,* 413 U.S. 433, 93 S.Ct. 2523, 37 L.Ed.2d 706 (1973); contrast *Wolf v. Colorado,* 338 U.S. 25, 69 S.Ct. 1359, 93 L.Ed. 1782 (1949), with *Mapp v. Ohio,* 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961); contrast *United States v. Rabinowitz,* 339 U.S. 56, 70 S.Ct. 430, 94 L.Ed. 653 (1950), with *Trupiano v. United States,* 334 U.S. 699, 68 S.Ct. 1229, 92 L.Ed. 1663 (1948); and *Chimel v. California,* 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1965) [search incident to arrest vs. search pursuant to a warrant] ; contrast *Olmstead v. United States,* 277 U.S. 438, 48 S.Ct. 564, 72 L.Ed. 944 (1928), with *Berger v. New York,* 388 U.S. 41, 87 S.Ct. 1873, 18 L.Ed.2d 1040 (1967), and

*Katz v. United States,* 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967) [wiretapping]. *See* Wingo, *Growing Dissillusion With the Exclusionary Rule,* 25 Sw. L.J. 573 (1971); Oaks, *Studying the Exclusionary Rule in Search and Seizure,* 37 U. Chi. L. Rev. 665 (1970); and Note, *The Decline of the Exclusionary Rule: An Alternative to Injustice,* 4 Sw. U. L. Rev. 68 (1972).

The majority opinion adds to the confusion which already exists and avoids meeting the *Aguilar* and *Spinelli* test head-on by interpreting the second prong of the *Aguilar* and *Spinelli* cases in such a way so as to be meaningless.