ESTHER E. KING v. FRANK ZIERZ.

Submitted July 7, 1905—Decided November 22, 1905.

A nonsuit cannot be granted upon the ground that plaintiff has failed to prove want of reasonable care unless the proof in the case is so clear that no other legitimate conclusion can be reached by the jury.

---

On appeal from the First District Court of Newark.

Before Justices GARRISON and GARRETSON.

For the plaintiff, *William E. Hampson.*

For the defendant, *George M. Titus.*

The opinion of the court was delivered by

GARRETSON, J. The plaintiff sued the defendant to recover the value of a sealskin coat left to be repaired and

which was not returned to the plaintiff, the defendant alleging that it had been stolen.

The case was tried before a judge and jury. At the close of the plaintiff's case the court granted a nonsuit.

The judge certified that he found the facts as follows:

"The defendant is a furrier, having a store in the city of Newark, New Jersey. The rear window of this store was secured by ordinary locks or window fasteners. There were no iron bars at the rear windows, where there was a yard abutting a stable. The plaintiff was the owner of a sealskin coat, which she took to the defendant's store, for the purpose of having it repaired, on September 14th, 1904. The price for the repairs was to be $15. She called on him on October 22d, 1904, and asked for her coat, and defendant said: "Oh, your coat has been stolen; I am so sorry." On December 9th, 1904, the plaintiff tendered to the defendant the sum of $15 in gold, but he refused to deliver the coat to her, again stating that it had been stolen. It appears that on the evening of about October 20th the store had been entered through one of the rear windows and the plaintiff's coat stolen, and that a pane of glass had been broken and that the window was then unlocked. That the store was not wired against burglars; that the rear windows of some stores in Newark are protected by iron bars; that the rear windows in the store of two furriers, namely, Max Kirschbaum, at 876 Broad street, in Newark, and Charles McClelland, of 17 Academy street, in Newark, were protected by iron bars. It also appeared that the coat had been finished some time before it was stolen, and that the defendant had not explained why it had not been sent home."

From these facts the judge certified that he decided that it could not be inferred therefrom that the defendant had failed to use ordinary care in the custody of the fur coat, and therefore directed a nonsuit.

The judge correctly placed the liability of the defendant upon the use of ordinary care in the custody of the fur coat, but erroneously decided that question himself. That question should have been left to the jury. There was evidence

from which the jury might have inferred the absence of the care required.

The trial judge cannot order a nonsuit unless the proof in the case is so clear that no other reasonable legitimate conclusion can be reached by the jury. *Consolidated Traction Co.* v. *Reeves,* 29 *Vroom* 573; *Day* v. *Donahue,* 33 *Id.* 380; *Vrooman* v. *North Jersey Street Railroad Co.,* 41 *Id.* 818.

The judgment of the District Court is reversed.