**People of the State of Illinois, Plaintiff-Appellant, v. John Healy and Edward Healy, Defendants-Appellees.**

**Gen. No. 53,135.**

First District, Third Division.

June 4, 1970.

John J. Stamos, State's Attorney of Cook County, of Chicago (James B. Zagel, Assistant State's Attorney, of counsel), for appellant.

Edward V. Hanrahan, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and Michael D. Stevenson, Assistant State's Attorneys, of counsel), for appellant (reply brief).

George R. Bieber, Edward Marvin Genson, and Sam Adam, of Chicago, for appellees.

MR. JUSTICE McNAMARA delivered the opinion of the court.

This is an appeal by the State from an order of the Circuit Court quashing a search warrant and suppressing

evidence seized pursuant to that warrant. The warrant issued by a magistrate commanded the search of the persons of the two defendants and of certain described premises located at 8247 North Odell Avenue, Niles, Illinois. The warrant also ordered the seizure of three jewelry cases containing specifically described jewelry.

The search warrant was issued on the basis of an affidavit made by a police officer. The affidavit recited that on the same date the affiant met with a confidential reliable informant who had furnished him with information in the past which had resulted in arrest and convictions. The affidavit went on to recite that the informant had told affiant that he was on the above described premises on the same date and that Edward Healy had shown him the jewelry referred to above. The affidavit further recited that Healy had told the informant that the jewelry was stolen from a jewelry salesman on the preceding day; and that the jewelry in question had been offered for sale to informant who said that he would let Healy know at a later time. The affidavit also recited that the police department was advised that a theft of jewelry had occurred in Lincoln, Illinois on the preceding day and that jewelry in the value of $23,000 had been stolen from Ray Cruze.

The warrant was executed on the following day, and various items of jewelry belonging to Cruze were recovered. Defendants were then indicted for theft of the property of Cruze. Thereafter defendants filed a motion to quash the search warrant and to suppress the evidence, alleging among other points that there was in fact no informant and that the police officer had committed perjury in making the affidavit in support of the search warrant. The motion made by defendants also requested that the informant be produced for an in camera hearing outside the presence of defendants.

After conferences in chambers with defense counsel and the Assistant State's Attorney, the trial judge stated

that he was convinced that there was no informant, and he demanded that the informant and the police officer be produced for an in camera hearing. When the State refused to do so, the trial court entered an order quashing the search warrant and suppressing the evidence. The State appeals, contending that defendants had no right to look behind the search warrant and thus challenge the matters stated under oath which led to the finding of probable cause and the issuance of a search warrant by the magistrate.

In a recent decision, People v. Bak, 45 Ill2d 141, 258 NE2d 341, Gen. Nos. 41151, 51315 (1970), our Supreme Court was faced with precisely the same question, and their holding is dispositive of the issue in the instant case. In that case, the court held that the issuance of a search warrant represented a conclusive judicial finding of the existence of probable cause and that any subsequent hearing must be limited to an examination of the face of the complaint and warrant. In so holding, the court stated:

> "The majority of this court believes that both constitutions contemplate only that a judicial officer find probable cause for the issuance of a warrant based on the evidence under oath that has been presented to him by the one requesting the warrant. It is contemplated that the credibility of the affiant or others offering evidence is for the judicial officer. If he finds the evidence worthy of belief and sufficient to form probable cause, this judicial determination cannot be relitigated through a later disputing of the evidence."

Thus under the holding in Bak, we find that the trial court erred in permitting defendants to look behind the search warrant which was valid on its face and in allowing them to challenge the truthfulness of the allegations of fact on which the warrant was issued.

191

The order of the Circuit Court quashing the search warrant and suppressing the evidence is reversed, and the cause is remanded for further proceedings not inconsistent with this opinion.

Order reversed and cause remanded.

DEMPSEY, P. J. and SCHWARTZ, J., concur.