## No. 25552

**The People of the State of Colorado v. Gene Daniel Peschong**
(506 P.2d 1232)

Decided February 26, 1973. Opinion modified and as modified rehearing denied March 19, 1973.

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, Patricia W. Robb, Assistant, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, J. D. MacFarlane, Chief Deputy, Thomas M. Van Cleave, III, Deputy, for defendant-appellant.

MR. JUSTICE GROVES delivered the opinion of the Court.

This is an appeal by the defendant from a conviction of a charge of possession of marijuana. Prior to trial, the defendant moved to suppress certain evidence (marijuana in various forms) obtained from his residence during the execution of a search warrant. The motion was denied by the court and the evidence was admitted at trial. The defendant has maintained that the affidavit in support of the search warrant failed to establish probable cause. The Attorney General, admitting that the affidavit is fatally defective, has confessed error. We agree.

Under the decisions of the United States Supreme Court, some of which are hereinafter cited, we have no alternative but to declare the affidavit fatally defective and reverse the judgment of the trial court.

The contents of the affidavit are as follows:

"1. That I am an officer of the Grand Junction, Colorado, police department;

"2. That a known reliable informant has advised the undersigned that said informant has personally seen cannabis and other dangerous drugs at the residence of Gene Peschong located at 437 N. 18th St. Grand Junction, Colorado;

"3. That said informant saw such contraband on several occasions during the past week, and such contraband is the property of said Gene Peschong including a live and growing cannabis plants; (sic)

"4. That I have known said informant for approximately 2 years, and said informant has given reliable information on at least 3 prior occasions;

"5. That said Gene Peschong is a well known dealer in narcotic and dangerous drugs and said Gene Peschong has on at least one past occasion offered to sell illegal drugs to the undersigned;

"6. That the possession of cannabis and dangerous drugs is illegal and such would be material evidence in the event of a subsequent criminal prosecution;

"7. That there is probable cause to believe that such cannabis and dangerous drugs are presently located at the residence situate at 437 N. 18th St., Grand Junction, Colorado."

The standards of probable cause for issuance of a search warrant based on information given to an affiant police officer by an unidentified informant are set forth in *Spinelli v. United States,* 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969) and *Aguilar v. Texas,* 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964). Under the *Aguilar-Spinelli* test the affidavit must: (1) allege facts from which the issuing magistrate could independently determine whether there were reasonable grounds to believe that illegal activity was being carried on in the place to be searched; and (2) set forth sufficient facts to allow the magistrate to determine independently if the informer is credible or the information reliable. *People v. Clark,* 175 Colo. 446, 488 P.2d 565 (1971); *People v. Brethauer,* 174 Colo. 29, 482 P.2d 369 (1971); and *People v. MacDonald,* 173 Colo. 470, 480 P.2d 555 (1971). *See DeLaCruz v. People,* 177 Colo. 46, 492 P.2d 627 (1972).

The affidavit in question states that the informant personally saw "cannabis and other dangerous drugs" at the residence of the defendant. This is sufficient to meet the first prong of the *Aguilar-Spinelli* test. *People v. Clark, supra;* and *People v. MacDonald, supra.*

The question raised here is whether the affidavit contained sufficient facts to satisfy the second prong of the test, *i.e.,* whether there was sufficient information in the affidavit to allow *the magistrate* to determine whether the informant was credible or his information reliable. The policy behind the requirement that an affidavit contain the underlying facts from which the police officer concluded that the informant was credible or his information reliable was stated in *Aguilar v. Texas, supra:*

"Although an affidavit may be based on hearsay information and need not reflect the direct personal observations of the affiant . . . the magistrate must be informed of some of the underlying circumstances from which the informant concluded that the narcotics were where he claimed they were, and some of the underlying circumstances from which the officer concluded that the informant, whose identity need

not be disclosed ... was 'credible' or his information 'reliable.' Otherwise, 'the inferences from the facts which lead to the complaint' will be drawn not 'by a neutral and detached magistrate,' as the Constitution requires, but instead, by a police officer 'engaged in the often competitive enterprise of ferreting out crime,' ... or, as in this case, by an unidentified informant." (Citations omitted.)

■ The situation here is simply that the affidavit did not state detailed facts from which a magistrate could make an independent determination of the informant's reliability. Indeed, this affidavit in some part contains only the conclusions of the police officer − conclusions which are solely for the magistrate. In effect, the police officer took unto himself the role of magistrate. Had the police officer given detailed facts upon which he based his conclusions, the affidavit might well have been sufficient.

In analyzing this affidavit, it is obvious that paragraphs numbered 1, 6 and 7 have no relation to the reliability of the informant. Paragraph 2 related that the informant had seen cannabis and other dangerous drugs at the defendant's residence. So far as we are presently advised, this court has not held that a magistrate's finding of reliability may be based solely on detailed facts of the observations of the informant at the place to be searched. Assuming *arguendo* that some day we may go that far, we cannot do so here because the statement in the affidavit advising the officer of what the informant had seen at the defendant's residence is most general.

In the hope that it will be of assistance to law enforcement officers, we include in our discussion of the affidavit several suggestions as to what information might have been included in the affidavit. Needless to say, the suggestions are not comprehensive nor is the inclusion of each particular item of information mandatory in order to establish a sufficient affidavit.

The affidavit might have contained specific descriptions as to where in the defendant's house the informant saw the drugs − whether on the person of the defendant or in a

certain location within a particular room of the house — and descriptions of the quantity, types and packaging (if applicable) of the drugs seen by the informant. Further, it could have shown how the informant was able to recognize the marijuana and other drugs.

Paragraph 3, reciting that the informant on several occasions during the preceding week had seen contraband which was the property of the defendant, contains the same defects as paragraph 2. There are no details as to the place or places of the observations. Further, there are no facts given to show how the informant concluded that the "contraband" was the property of the defendant. This general statement cannot be the basis for a finding of reliability.

In paragraph 4, the police officer stated that he had known the informant for two years and had been given reliable information by the informant on at least three prior occasions. The statement that the informant had given "reliable" information in the past is a conclusion drawn by the police officer — a conclusion which must instead be drawn by a magistrate from facts presented to him by the officer. The affidavit could have indicated — which it fails to do — the nature of the information previously given by the informant, whether it related to drugs, thefts, or other matters. It could have indicated whether the previous information led to arrests or convictions, or otherwise proved to be true.

On this point, the affidavit here is nearly on all fours with the affidavit in *People v. Brethauer, supra.* There the affidavit contained the statement that the informer was known to the affiant police officer "to be reliable, based on past information supplied by the informer which has proved to be accurate . . . . " We found the affidavit to be fatally defective holding — in part — that the informer's reliability was not established. We went on to say:

"In regard to the second prong of the test enunciated in *Aguilar,* we have declared that an affidavit does not establish the credibility of an informant by merely stating that the informant is known to be reliable. *Smaldone v. People, supra;*

*People v. Baird, supra.* Nor does an affidavit establish the credibility of an informant by merely stating that the informant is known to be reliable based on past information supplied by the informer which has proved to be accurate. Although the words 'past information' might conjure up in the mind of the officer some knowledge of the underlying circumstances from which the officer might conclude that the informant was reliable, the judge has not been apprised of such facts, and consequently, he cannot make a disinterested determination based upon such facts."

The remaining portion of the affidavit is contained in paragraph 5, which states in effect that the defendant had a reputation as a dealer in illegal drugs and had on one occasion offered to sell such drugs to the officer. There was no indication in the affidavit as to when or where this offer took place. The statement has little relation to the second prong of the *Aguilar-Spinelli* test — reliability of the informant.

 It appears that *United States v. Harris,* 403 U.S. 573, 91 S.Ct. 2075, 29 L.Ed.2d 723 (1971), may have modified some of the language of *Spinelli v. United States, supra,* relating to the weight to be given an allegation as to the defendant's reputation. However, it does not permit the matter of reputation standing virtually alone to satisfy the requirement of reliability.

As stated in *Spinelli v. United States, supra:*
"[W]e cannot sustain this warrant without diluting important safeguards that assure that the judgment of a disinterested judicial officer will interpose itself between the police and the citizenry."
We are alarmed at our drug problems. We hope better, constitutional means of locating and convicting drug offenders can be found. Nevertheless, we must not destroy the precious, constitutional right of all of us as householders to be secure against unreasonable searches and seizures.

The affidavit being fatally defective, the trial court must vacate the judgment that has been entered and sustain the defendant's motion to suppress.

There is no necessity to rule on the other assignments of

error.

The judgment is reversed and the cause is remanded with directions to proceed consonant with the views expressed herein and to grant the defendant a new trial.

MR. JUSTICE ERICKSON concurs in the result only.