No. 25985

## The People of the State of Colorado v.
## Kim H. T. Treadway, Gary L. Bowles, Douglas George Adams
(512 P.2d 275)

Decided July 16, 1973.

Stuart A. Van Meveren, District Attorney, Loren B. Schall, Assistant, Harry L. McCabe, Deputy, for plaintiff-appellant.

Davies and Saint-Veltri, Joseph Saint-Veltri, for defendants-appellees.

*En Banc.*

MR. JUSTICE GROVES delivered the opinion of the Court.

This is an interlocutory appeal by the District Attorney pursuant to C.A.R. 4.1 (as amended on April 1, 1971) from a ruling of the district court granting the defendants' motion to suppress evidence. We disapprove the ruling.

The evidence was seized under the search warrant which in turn was predicated upon an affidavit containing the following statements:

"1. That a confidential, reliable informant did advise the affiant in person, that within the immediate prior forty-eight hours, the informant did personally see and observe a narcotic substance, commonly known as marijuana in the premises known as 308 North Roosevelt, County of Larimer, State of Colorado;

"2. That the affiant was advised by an officer of the Loveland Police Department that the informant had on a previous occasion, within the past fourteen months, supplied reliable information to the Loveland Police Department concerning marijuana; that said information was accurate and resulted in the arrest and conviction of an individual for possession of a narcotic drug;

"3. That the informant related that a Gary Bowles and a Kim Treadway lived at the above-named premises. That an officer of the Fort Collins Police Department advised the affiant that a check with the Investigative Division of the Colorado State University Police Department revealed that a student by the name of Kim Treadway had a listed address of 308 North Roosevelt, Fort Collins, Colorado;

"4. That Howard L. Reed, the affiant herein, is a Police Officer of the City of Fort Collins Police Department, Fort Collins, Colorado, and is assigned to the Narcotics Bureau and is authorized by law to execute Search Warrants in the County of Larimer and State of Colorado."

The ruling by the court was predicated solely upon *People v. Peschong,* 181 Colo. 29, 506 P.2d 1232 (1973), wherein we held an affidavit to be fatally defective which failed to set forth sufficient facts to permit a determination that the informer was reliable. In making its ruling here the trial court stated:

"The Peschong Case gives the trial judges in this State plenty of alarm. What I am doing is testing this affidavit against the affidavit in Peschong, and I am not paying any attention in making this ruling as to what Peschong said about some matters contained in it. The Supreme Court said Peschong is not a sufficient affidavit. Testing that affidavit, which is held by our Supreme Court not to be sufficient against the affidavit now before this Court, the Court reluctantly sustains the motion to suppress, for the reason that the affidavit now before the Court does not contain as much, in this Court's opinion, that would authorize to justify the issuance of a warrant as what was set forth in Peschong."

■ Since the suppression hearing was held on March 30, 1973, the court did not have before it *People v. Ward,* 181 Colo. 246, 508 P.2d 1257, announced on April 16, 1973. In *Ward* we ruled that the motion to suppress should have been denied, and we gave some clarification to *Peschong.* The affidavit in *Peschong* contained only generalities and conclusory statements by the affiant police officer. The affidavit in *Ward* contained sufficient facts to permit a finding that the informer was reliable. We regard the affidavit here as also containing sufficient facts to permit a finding of reliability. The *Peschong* affidavit stated that the informant had "given reliable information on at least three prior occasions." No clue was given as to what kind of information was given. No statement was made that the information led to any arrests or convictions.

In contrast paragraph 2 of the affidavit here related that the informant had previously given information relating to marijuana, and that the information resulted in the arrest and conviction of an individual for possession of a narcotic drug.

The defendant points out that there was a 14 month lapse in time between the information provided by the informant which resulted in the arrest and conviction of a person for possession of a narcotic drug, and the information provided by the informant in this case. Although there may be circumstances in which a significant lapse of time in providing information might affect a court's determination of

the informer's reliability, we do not view this to be such a case.

Ruling disapproved and the cause remanded with directions to deny the motion to suppress.

MR. JUSTICE ERICKSON dissents.

MR. JUSTICE ERICKSON dissenting:

I respectfully dissent.

The majority opinion holds that statement number two in the affidavit in this case sets forth sufficient facts for the issuing magistrate to independently determine that the informer was reliable. The requirement that the magistrate independently determine the reliability of the informant when considering an affidavit which is based on hearsay information is the second part of the well-known *Aguilar-Spinelli* rule. *Aguilar v. Texas,* 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964); *Spinelli v. United States,* 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969); *People v. Peschong,* 181 Colo. 29, 506 P.2d 1232 (1973); *People v. Brethauer,* 174 Colo. 29, 482 P.2d 369 (1971).

Statement number two is almost completely conclusory. It provides only a smidgen of concrete fact. Based on statement number two, no magistrate could independently conclude that the informant was reliable. An analysis of statement number two shows: (1) That there is a hearsay conclusion that the informant once supplied "reliable" information concerning marijuana. (2) That there is the conclusion set forth that whatever information was supplied was "accurate." (3) That the information is said to have "resulted" in conviction of some individual for possession of some narcotic drug.

The allegations in the affidavit, which are said to support the magistrate's independent finding of reliability of the informant, in truth, give the magistrate no concrete specific facts upon which to base an independent judgment. The judge is simply asked to accept the police judgment that the informant once gave information which was reliable, accurate, and resulted in the conviction of some unnamed

individual. Once the magistrate accepts these conclusions, he is asked to proceed from the particular to the general and then conclude that the informant is consistently reliable, although the affidavit set forth no facts which establish that the informant is reliable.

The majority relies on *People v. Peschong, supra,* where we held that a general and conclusory statement by the affiant police officer did not provide the necessary factual basis for the magistrate's constitutionally mandated independent determination of the reliability of the informant. However, the majority feel that the details in the affidavit in issue dignify the officer's conclusions and establish the required factual basis for the magistrate's independent decision. In the instant case, the magistrate was told that the information previously given concerned marijuana and that the information had resulted in a conviction of some individual for possession of some narcotic drug. He was not told what the informant said concerning marijuana nor was he told what the connection was between the information and the "resulting" conviction. *See Kraft v. State,* 16 Md. App. 347, 297 A.2d 328 (1972).

A search warrant authorizes a serious invasion of a citizen's privacy. The neutral and detached magistrate has the sacred duty of determining whether probable cause exists to override the constitutional right of a citizen to privacy and security in his home and habitation. *Coolidge v. New Hampshire,* 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971). The judge must independently decide whether probable cause exists and must not merely rubber stamp the police decision.

The importance of the responsibility of the trial judge has been recognized by *The American Bar Association Standards for Criminal Justice Relating to The Function of the Trial Judge:*

"3.1 Issuance or review of warrants.

"Whenever a trail judge is called upon to issue a warrant for arrest or for search, or to review the issuance of such a warrant or the execution thereof, he should carefully observe

constitutional and statutory norms and not permit these procedures to become mechanical or perfunctory . . . ."

For the reasons stated, I would uphold the ruling of the trial court.