## No. 26038

### The People of the State of Colorado v. Albert Randolph Baird and Karen Barbara Kurtz
(512 P.2d 629)

Decided July 30, 1973.

Stuart A. Van Meveren, District Attorney, Loren B. Schall, Assistant, Harry L. McCabe, Deputy, for plaintiff-appellant.

Joseph Saint-Veltri, for defendants-appellees.

*En Banc.*

MR. JUSTICE KELLEY delivered the opinion of the Court.

This is an interlocutory appeal by the district attorney, pursuant to C.A.R. 4.1 (amended April 1, 1971), from a ruling of the Larimer County District Court granting the appellee's (defendant's) Motion for Reconsideration of Ruling on Motion to Suppress. For the reasons set forth below, we disapprove the trial court's ruling and reverse.

On September 20, 1972, Larry Ray Carter, an investigator for the Larimer County Sheriff's Department, obtained a search warrant from the Hon. William E. Smoke, County Judge, Larimer County, to search the premises occupied by the defendants.

The search warrant was executed on September 20, 1972, and marijuana, peyote, suspected amphetamines, and LSD were seized. It is these items which the defendants seek to suppress as evidence.

On January 22, 1973, a hearing was held on defendant's motion to suppress evidence. The district court found that the affidavit established probable cause for the issuance of the warrant and denied the motion to suppress.

On March 8, 1973, the defendants filed their motion to reconsider the ruling on the motion to suppress, stating that *People v. Peschong,* 181 Colo. 29, 506 P.2d 1232, had substantially altered the case law of Colorado relative to the sufficiency of affidavits upon which search warrants are issued.

On April 26, 1973, the trial judge, upon reconsideration, vacated his initial ruling and granted the motion to suppress.

The pertinent portion of the supporting affidavit reads:

"THAT the facts establishing grounds for the issuance of a Search Warrant, and showing probable cause to believe they exist are as follows:

"1. That a confidential, reliable, informant told the affiant that in the above named dwelling house, he saw an illegal narcotic, namely, marijuana.

"2. That the confidential informant was given two marijuana cigarettes by a subject in the above mentioned dwelling house on September 20, 1972.

"3. That the confidential informant did observe the illegal narcotic on September 20, 1972, and when he left the above described property a baggie of marijuana remained in the house.

"4. That the confidential informant has been the cause of approximately 20 narcotic and dangerous drug arrests in the past year, and is familiar with the appearance of illegal narcotics and dangerous drugs and their implements.

"5. That the affiant has been a police officer for the past 17 months assigned to the investigation of illegal narcotic and dangerous drug abuse within the county of Larimer, State of Colorado, and has attended several state and federally sponsored narcotic and dangerous drug schools."

The trial judge found that the affidavit was defective in that it did not give the county court sufficient facts upon which to base a judgment of reliability of the informant. The judge held that there was an insufficiency in the underlying facts and circumstances because the affiant failed to state what happened to the approximately 20 persons who had been arrested on the basis of informant's information. He based this conclusion on *People v. Peschong, supra.*

## ISSUE

The prime issue in this appeal is whether the affidavit of the police officer contains sufficient information from which the county judge could make an independent determination of probable cause.

## DISCUSSION

 The standards of probable cause for issuance of a search warrant based on information furnished affiant police officer by an unidentified informant are set forth in *Spinelli v. United States,* 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969) and *Aguilar v. Texas,* 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964). This court follows the two-pronged test based on *Spinelli* and *Aguilar* to determine the sufficiency of such an affidavit. Under this test the affidavit must (1) allege facts from which the issuing magistrate can independently determine whether there are reasonable grounds to believe that illegal activity is being carried on in the place to be searched; and (2) set forth sufficient facts to allow the magistrate to determine independently if the informer is credible or the information reliable.

 Under the facts set out above, the first prong can be readily disposed of. It appears that the informant personally saw an illegal narcotic on the premises; that he was given two marijuana cigarettes by someone on the premises on September 20, 1972, and that he observed other illegal narcotics at the time he left the premises on September 20, 1972. This was the day the warrant issued. These facts are sufficient to comply with the first prong of the test. *People v. Ward,* 181 Colo. 246, 508 P.2d 1257 (1973), and cases cited therein.

 Our decision in *People v. Peschong, supra,* holding that the affidavit was fatally defective because of its failure to set forth sufficient facts for the magistrate to independently determine that the informant was reliable, caused the trial judge in this case to reverse his original judgment on the sufficiency of the affidavit. At the time of the court's ruling, it did not have the benefit of *People v. Treadway,* 182 Colo. 239, 512 P.2d 275, or *People v. Ward, supra.* In the *Peschong* affidavit, relating to the reliability of the informant, the police officer stated, "I have known said informant for approximately two years, and said informant has given reliable information on at least three prior occasions; . . ." It is noted that although he stated that the informant had

previously given him reliable information, it made no mention as to the nature of the information, that is, whether it related to drugs or information wholly unrelated to law enforcement problems.

In *Ward,* Mr. Justice Groves pointed out:

"In *Peschong,* we stated that the affidavit might have indicated the nature of the information previously given by the informant and whether such information led to arrests or convictions or otherwise proved to be true."

The *Ward* opinion then proceeds to hold an affidavit sufficient which indicated "that previous information supplied by the informant had lead to narcotic arrests and seizures." We believe that the affidavit in the present case is sufficient under the *Ward* test. Likewise, we feel that the affidavit here overcomes the defects pointed out in the *Spinelli* affidavit.

In *Spinelli,* the affidavit merely recited that a "reliable informant" informed the F.B.I. that the defendant was carrying out proscribed bookmaking activity. No basis was set forth in the affidavit in support of the *conclusion* of reliability of the informant. The *Spinelli* court reemphasized the position it had taken in *Aguilar v. Texas, supra,* regarding the assertion of reliability. It held that the bare statement that the informant is reliable is insufficient to provide the magistrate with a basis for finding reliability. There must be some reason appearing in the affidavit from which the magistrate can find support for his conclusion that the informant is reliable. The fact of past reliability provides sufficient basis for the magistrate to independently gauge the reliability of the informant. *United States v. Fantuzzi,* 463 F.2d 683 (2d Cir. 1972); *United States v. Dunnings,* 425 F.2d 836 (2d Cir. 1969); and *United States v. Vigo,* 413 F.2d 691 (5th Cir. 1969).

In *United States v. Fantuzzi, supra,* in dealing with a similar problem, the court stated:

"Clearly in this case, the statement that the informant had given correct information on over fifty occasions in the past year supports the conclusion that the source was reliable.

Indeed, this court has held in *United States v. Dunnings,* 425 F.2d 836, 839 (2 Cir. 1969), *cert. denied,* 397 U.S. 1002, 90 S.Ct. 1149, 25 L.Ed.2d 412 (1970), that the requirements of probable cause were satisfied with the 'allegation that the informant had "furnished reliable and accurate information on approximately 20 occasions over the past four years." . . .' Moreover, the Fifth Circuit has held that a simple statement that the informer has been reliable on past occasions was sufficient to provide probable cause for the issuance of an order. *United States v. Vigo,* 413 F.2d 691 (5 Cir. 1969)."

In the instant case, the furnishing of information which "has been the cause of approximately 20 narcotic and dangerous drug arrests in the past year" falls within the reasoning of the Second and Fifth Circuit decisions. Surely, the magistrate could independently conclude that the police would not repeatedly accept information (get warrants and make arrests) from one who has not proven by experience to be reliable.

In *United States v. Dunnings, supra,* Judge Friendly made this observation, which is pertinent to the issue under discussion here:

"The only criticism that remains is that Raugh (affiant police officer) did not supply more details why he considered the informant to be reliable, e.g., by saying that the information so furnished had led to convictions. But here the admonition in *United States v. Ventresca,* 380 U.S. 102, 108, 85 S.Ct. 741, 13 L.Ed.2d 684 (1965), against reading such affidavits with undue technicality comes into play. An allegation that the informant had 'furnished reliable and accurate information on approximately 20 occasions over the past four years' is good enough. *Cf. United States v. Perry,* 380 F.2d 356, 357 (2 Cir. 1967), *cert. denied,* 389 U.S. 943, 88 S.Ct. 307, 19 L.Ed.2d 299 (1967); *United States v. Ramos,* 380 F.2d 717, 719 (2 Cir. 1967)."

The ruling of the trial court is reversed and the cause is remanded for further proceedings not inconsistent with the views herein expressed.

MR. JUSTICE ERICKSON does not participate.