## No. 25938

### The People of the State of Colorado v. Clarence Arnold
(527 P.2d 806)

Decided October 29, 1974 Rehearing denied November 18, 1974.

John P. Moore, Attorney General, John E. Bush, Deputy, Robert C. Lehnert, Assistant, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, James F. Dumas, Jr., Chief Deputy, Thomas M. Van Cleave III, Deputy, for defendant-appellant.

*En Banc.*

MR. JUSTICE HODGES delivered the opinion of the Court.

Defendant appeals from convictions of possession of dangerous drugs and conspiracy to possess dangerous drugs. On this appeal, he contends that certain evidence seized in his apartment should be suppressed because (1) the affidavit in support of a search warrant issued to search his apartment was insufficient, (2) the trial court erred in denying a motion for disclosure of a confidential informant, and (3) the police forceably entered his apartment without prior identification and announcement of purpose. The defendant also argues that the evidence was insufficient to support a conspiracy conviction. Under the facts here, the defendant's contentions are without merit. The judgment of the trial court is therefore affirmed.

Defendant's apartment was searched pursuant to a search warrant. In the course of the search, the police officers seized a quantity of a drug known as D-L Meth-Amphetamine, which was introduced as an exhibit at trial to a jury. The defendant and one Marshall, a co-occupant of the apartment, were arrested at the scene of the search.

I.

Defendant contends that the affidavit presented in support of the issuance of the search warrant is insufficient to establish probable cause. In testing the sufficiency of

affidavits in support of search warrants, this court has followed the mandate of the United States Supreme Court in applying the two-pronged *Aguilar-Spinelli* test. An affidavit which relies on information supplied by a confidential informant must allege sufficient underlying facts from which the issuing magistrate can make an independent determination that illegal activity is being carried on in the place to be searched. In addition, the affidavit must set forth sufficient information so that the magistrate can determine independently that the informant is credible, or that his information is reliable. *Aguilar v. Texas,* 378 U.S. 108, 85 S.Ct. 1509, 12 L.Ed.2d 723 (1964); *Spinelli v. United States,* 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969); *People v. Masson,* 185 Colo. 65, 521 P.2d 1246 (1974); *People v. Harris,* 182 Colo. 75, 510 P.2d 1374 (1973); *People v. Treadway,* 182 Colo. 239, 512 P.2d 275 (1973); *People v. Ward,* 181 Colo. 246, 508 P.2d 1257 (1973); *People v. Peschong,* 181 Colo. 29, 506 P.2d 1232 (1973).

In applying these standards, it is important to keep in mind that the guidelines set forth must be grounded in the practical considerations of criminal investigation. These considerations are well explained in *United States v. Ventresca,* 380 U.S. 102, 108, 85 S.Ct. 741, 746, 13 L.Ed.2d 684 (1965) as follows:

". . . affidavits for search warrants . . . must be tested and interpreted by magistrates and courts in a commonsense and realistic fashion. They are normally drafted by nonlawyers in the midst and haste of a criminal investigation. Technical requirements of elaborate specificity once exacted under common-law pleadings have no proper place in this area. A grudging or negative attitude by reviewing courts toward warrants will tend to discourage police officers from submitting their evidence to a judicial officer before acting."

The affidavit involved in this case contains the statement by the informant that he was present in the apartment of the defendant, and that he saw the defendant in possession of dangerous drugs. The direct observations of the informant are sufficient to satisfy the first prong of the

*Aguilar-Spinelli* test. *Jones v. United States,* 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960); *People v. Baird,* 182 Colo. 284, 512 P.2d 629 (1973); *Peschong, supra; People v. Clark,* 175 Colo. 446, 488 P.2d 565 (1971); *People v. MacDonald,* 173 Colo. 470, 480 P.2d 555 (1971).

The second prong of the *Aguilar-Spinelli* test is satisfied by the statement in the affidavit that the information was received from "a previously reliable confidential informant whose information has resulted in narcotics arrest and seizures on at least two past occasions . . ." The statement is very similar to that approved in *Ward, supra,* where the information supplied by the informant had "proven reliable 'on at least 2 recent past occasions which resulted in narcotics arrests and seizures . . .' " *See also Baird, supra.*

■ Appellant urges that the reliability of the informant is not established unless the previously supplied information resulted in convictions. That the information resulted in arrests is, in our view, sufficient. The issue involved is the reliability of the informant; this reliability is satisfactorily established if the previous information led to arrests. To impose the more stringent requirement that the information led to convictions would impose an undue restriction on law enforcement officers. The information previously furnished may be in connection with cases not yet tried or may relate to prosecutions dismissed for reasons unrelated to the reliability of the informant's information. Of course, the fact that the information previously supplied has resulted in convictions would strengthen the reliability factor of the informant. *Cf. People v. Treadway, supra.*

II.

Next, the defendant claims the trial court erred in denying his motion for disclosure of the informant, or in the alternative, the trial court erred in not allowing an *in camera* hearing as to the sufficiency of the allegations of the affidavit, after certain defense testimony challenged the integrity of the affidavit.

In *Roviaro v. United States,* 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957), the Supreme Court indicated that a trial

judge, when confronted with a motion for disclosure of an informant, must balance the public interest in the continued flow of reliable information against the individual's right to prepare his defense.

■ This court has ruled that when evidence of lack of credibility is presented to the trial judge, he may, in his discretion, order disclosure of the informant. If the trial judge finds that the police officers relied in good faith upon credible information supplied by a reliable informant, the informant's identity need not be disclosed. *People v. Quintana,* 183 Colo. 81, 514 P.2d 1325 (1973); *De La Cruz v. People,* 177 Colo. 46, 492 P.2d 627 (1972).

Defendant here challenges the trial court's refusal to order disclosure of the informant after the defendant had introduced testimony at a pretrial suppression hearing that the informant was fictitious. A witness for the defendant testified that no person has been in Apartment Number 9 on May 16 and on May 17, 1972. This is in direct opposition with the statement that the informant was present in the apartment on both days.

A majority of states adhere to the rule that, on a motion to suppress, the trial court is confined solely to the affidavit itself, and the truth of the alleged grounds stated in the affidavit cannot be controverted. *People v. Healy,* 126 Ill. App. 2d 189, 261 N.E.2d 468 (1970), *cert. denied,* 402 U.S. 905, 91 S.Ct. 1365, 28 L.Ed.2d 645 (1971); *Smith v. State,* 191 Md. 329, 62 A. 287, 5 A.L.R. 2d 386 (1948); *State v. Petillo,* 61 N.J. 165, 293 A.2d 649 (1972), *cert. denied,* 410 U.S. 945, 93 S.Ct. 1393, 35 L.Ed.2d 611 (1973); *Southard v. State,* 297 P.2d 585 (Okla. Crim. 1956). These cases are often based on the rationale that a perjuring affiant would be subject to independent prosecution.

■ We think the trial judge below followed the better procedure when confronted with such an allegation. A hearing was held at which defendant was allowed to produce evidence to controvert the facts stated in the affidavit. This procedure finds support in the federal courts, *United States v. Dunnings,* 425 F.2d 836 (2d Cir. 1969), *cert. denied,* 397

U.S. 1002, 90 S.Ct. 1149, 25 L.Ed.2d (1970); *Chin Kay v. United States,* 311 F.2d 317 (9th Cir. 1962); *King v. United States,* 282 F.2d 398 (4th Cir. 1960).

■ Approval of this procedure does not indicate that the trial judge erred in not requiring the People to disclose the identity of the informer. Such a requirement would unduly hamper valid police investigative techniques. In this case, the trial judge apparently did not find the testimony of the single defense witness credible. He was clearly within his discretion in choosing to assign integrity to the statements made in the police officer's affidavit, and not to the statements of the defendant's witness.

■ Informants need not be disclosed unless there has been a showing that the disclosure is necessary to assist in a meaningful defense. No such showing was made in this case. *Roviaro, supra,* and *Quintana, supra. Cf. McCray v. Illinois,* 386 U.S. 300, 87 S.Ct. 1056, 18 L.Ed.2d 62 (1967). *See Generally,* Comment, *Controverting Probable Cause in Facially Sufficient Affidavits,* 63 *J. Crim. L.C. & P.C.* 41, 49 (1972).

III.

■ Finally, the defendant contends that an otherwise lawful search was vitiated by the entry into the apartment without prior identification and announcement of purpose. In *People v. Lujan,* 174 Colo. 554, 484 P.2d 1238 (1971), this court indicated those situations in which exigent circumstances would justify entry without prior identification and announcement. That decision clearly indicates that exigent circumstances are always present in searches for narcotics. The ease with which narcotics can be expended or destroyed is the justification for this practical rule. The search in this instance is clearly within the guidelines laid down in *Lujan.* In addition, the investigating officers knocked repeatedly on the door, at a reasonable hour, and defendant did not respond. The officers testified that they heard movement inside the apartment. Only at this point did they use force to enter the apartment. Such an entry is clearly not unreasonable.

## IV.

 With regard to the defendant's assertion that the evidence is insufficient to support the guilty verdicts, we have reviewed this record and in our view, the trial court correctly denied the defendant's motion for acquittal. The evidence of the defendant's guilt on both charges is sufficient to sustain the guilty verdicts.

Judgment affirmed.

MR. JUSTICE ERICKSON dissents.

MR. JUSTICE ERICKSON dissenting:

I respectfully dissent. The majority opinion holds that the second prong of the test set forth in *Aguilar v. Texas,* 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964), and *Spinelli v. United States,* 394 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969), is satisfied by the assertion contained in the affidavit that the affiant received information from "a previously reliable confidential informant whose information has resulted in narcotics arrest and seizures on at least two past occasions." In my view, to approve this language as competent to demonstrate the reliability of the informer is to permit the Fourth Amendment to be eschewed through simple litany. To accept the above phrase as constitutionally sufficient is to ignore the purpose for which the concept of probable cause was included in the Constitution and for which the dyadic rule of *Aguilar-Spinelli* was formulated.

The warrant is an integral aspect of our system of criminal justice because it extends protection to each individual from hasty decisions of police officers on patrol. It places the responsibility in a neutral and detached magistrate to determine whether an officer is justified in interfering with our guaranteed right to be free from unreasonable intrusions into privacy.

"The protection which the warrant guarantees consists of requiring that those inferences [regarding probable cause] be drawn by a neutral and detached magistrate instead of being judged by the officer engaged in the often competitive

enterprise of ferreting out crime." *Johnson v. United States,* 333 U.S. 10, 68 S.Ct. 367, 92 L.Ed. 436 (1948).

Unless the affidavit which the police present to the magistrate includes the constituent elements and concrete facts, the magistrate necessarily will be unable to perform his constitutional function of exercising independent judgment. *People v. Treadway,* 182 Colo. 239, 512 P.2d 275 (1973) (Erickson, J. dissenting). When the affidavit consists only of conclusions which the police officer has drawn, the affiant prevents the magistrate from completing his duties.

To comply with the constitutional requirements is not an insurmountable task. Facts can and have been tendered to the magistrate which meet the standards demanded by the Constitution. The affidavit should state when the information was received. Moreover, as noted by the Maryland Court of Appeals, the magistrate could be informed.

"whether the cases have been tried or whether they resulted in acquittals or convictions. The magistrate [could be] informed whether materials found at the time of the arrests corresponded with the information supplied by the inform-ant. He [could be] apprised as to the police assessment of the value of the information furnished by the informant, e.g., whether it amounted to more than underworld rumor . . . . The magistrate [could be] informed whether the informant's information had always proved correct." *Kraft v. State,* 16 Md. App. 347, 297 A.2d 328 (1972).

The affidavit presented to the magistrate in *People v. Cruz,* 244 Cal.App.2d 137, 53 Cal.Rptr. 354 (1966), represents the manner in which the affidavit may be prepared to comply with the spirit of the constitutional command. There, the affiant stated:

"Affiant received information from a confidential reliable informant who has furnished information in the past that has resulted in the arrest of 7 persons, 6 for [statutory violations], and one for violation of parole. These cases are still waiting adjudication in Los Angeles courts. Informant has never given information which proved to be incorrect." Through the facts contained in the affidavit, the affiant has

provided information to the magistrate which he can consider and from which he can draw conclusions as to the reliability of the informant. *See* Moylan, *Hearsay and Probable Cause: An Aguilar and Spinelli Primer,* 25 Mercer L.Rev. 741 (1974).

The majority's decision in this case serves to dilute the protections which the Constitution offers and to remove the magistrate from his all important role in the framework of the Bill of Rights. In my view, the ruling of the trial court should be reversed.