## No. 26594

**The People of the State of Colorado v. Richard John Trontell and Thomas Richard Fillmore a/k/a Tom Fillmore**

(533 P.2d 1124)

Decided April 14, 1975.

254

J. E. Losavio, Jr., District Attorney, Donald M. Hoerl, Deputy, for plaintiff-appellant.

Darol C. Biddle, for defendant Thomas Richard Fillmore.

Bollinger, Flick and Young, for defendant Richard John Trontell.

*En Banc.*

MR. JUSTICE HODGES delivered the opinion of the Court.

Defendants Trontell and Fillmore were charged with possession of narcotic drugs. After entry of pleas of not guilty, the defendants filed motions to suppress evidence seized pursuant to a search warrant executed at the premises where the defendants resided. The trial judge granted the motion to suppress, and the district attorney initiated this interlocutory appeal. Contrary to the trial court's findings, we hold that the affidavit in support of the search warrant is sufficient to show the credibility of the informant and the reliability of the information he furnished to the affiant. We therefore reverse the ruling of the trial court.

A warrant for the search of defendants' residence was issued by a judge of the Pueblo County court. It was supported by the affidavit of a law enforcement agent of the Southern Colorado Drug Agency. The affidavit itemized facts and statements made to the affiant by one David Clair Bickle, who was identified in the affidavit by name and address. The affidavit set forth that Bickle reported that on four occasions he had been in defendants' residence; that he had seen marijuana being used in the residence; that he had observed the place in the residence where the

marijuana was secreted; and that he had purchased a large quantity of marijuana on three separate occasions in the residence. Also specified in the affidavit was a description of the receptacle where the marijuana was secreted, and the dates when Bickle was in the residence and when he purchased the marijuana. In the execution of the search warrant, a large quantity of marijuana was seized.

Several felony narcotic charges against informant Bickle were reduced to misdemeanors to which he pled guilty.

The *Aguilar-Spinelli* test by which affidavits in support of search warrants must be judged has been outlined in numerous cases, one of the most recent being *People v. Arnold,* 186 Colo. 372, 527 P.2d 806 (1974). It is set forth therein that:

"An affidavit which relies on information supplied by a confidential informant must allege sufficient underlying facts from which the issuing magistrate can make an independent determination that illegal activity is being carried on in the place to be searched. In addition, the affidavit must set forth sufficient information so that the magistrate can determine independently that the informant is credible or that his information is reliable. *Aguilar v. Texas,* 378 U.S. 108, 85 S.Ct. 1509, 12 L.Ed.2d 723 (1964); *Spinelli v. United States,* 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969)."

In the trial court, the defendants raised no attack against the so-called *basis-of-knowledge* prong of the *Aguilar-Spinelli* test. Rather, they argued that the affidavit demonstrates that the informant is neither credible nor his information reliable. On these grounds, the trial court granted the defendants' motion to suppress.

 Because the informant's identity is set forth in the affidavit, it is suggested that the *Aguilar-Spinelli* test is not fully applicable and that the reliability of this informant should be measured on the basis of the citizen-informer rule announced and adopted in *People v. Glaubman,* 175 Colo. 41, 485 P.2d 711 (1971). That rule essentially provides that a citizen who is identified by name and address and was a witness to criminal activity will not be considered on the same basis as the ordinary confidential informant. When the affidavit specifies the identity of the citizen-informer who is a witness to criminal activity and there is

included a statement of the underlying circumstances, the affidavit will be deemed sufficient without the requirement that further facts demonstrating the credibility of the informant and the reliability of his information be set forth.

In *People v. Hubbard,* 184 Colo. 225, 519 P.2d 951 (1974), the citizen-informer rule was further explained. A citizen-informer who was an eyewitness to the crime and is identified in the affidavit is presumed to be reliable, and thus, there is no requirement that either his credibility or the reliability of his information be further demonstrated. *See also People v. Lucero,* 182 Colo. 39, 511 P.2d 468 (1973).

The information provided by the citizen-informer is given this preferred position primarily because the informant is not protected behind a cloak of secrecy, and also because his sole motivation in reporting the criminal activity which he observed is that of a good citizen who is acting in the best interests of society. *People v. Glaubman, supra.* In other words, the ordinary citizen, in reporting a crime which he viewed, is not considered with the same skeptical eye which is cast upon the unidentified informant who in most cases is part of the "criminal milieu." *See United States v. Harris,* 403 U.S. 573, 599, 91 S.Ct. 2075, 2089, 29 L.Ed.2d 723 (1971) (Harlan, J., dissenting); *State v. Patterson,* 83 Wash. 2d 49, 515 P.2d 496 (1973); *Moylan, Hearsay and Probable Cause: An* Aguilar *and* Spinelli *Primer, 25 Mercer L. Rev.* 741, 765-773 (1974).

■ The trial court ruled that informant Bickle could not be classified as a citizen-informer. We agree because it is clearly shown here that his primary motivation in reporting criminal activity is not that of a citizen who is acting in the best interests of society. Rather, his obvious reason was to trade his information and cooperation for a reduction in the severity of criminal charges pending against him. In granting the suppression motion, the trial court, in effect, found also that the second prong of the *Aguilar-Spinelli* test was lacking in the affidavit. In other words, it was the trial court's opinion that the affidavit did not set forth sufficient information to enable the magistrate to make an independent determination that informant Bickle is credible or that his information is reliable. We disagree with this conclusion.

■ The second prong of the *Aguilar-Spinelli* test can be

satisfied by showing either that the informant is credible or that his information is sufficiently detailed to demonstrate reliability. By satisfying either spur of this prong, the affidavit passes analysis. The most frequent manner by which the informant is shown to be credible and his information reliable is by stating that he has previously supplied information which has proven to be accurate. This has been discussed by this court in numerous cases. *Arnold, supra; People v. Ward,* 181 Colo. 246, 508 P.2d 1257 (1973); *People v. Baird,* 182 Colo. 284, 512 P.2d 629 (1973). However, the *Aguilar-Spinelli* requirements can be satisfied in other ways. This affidavit records the declarations by informant Bickle that on three occasions he smoked marijuana with defendant Fillmore, and that on each of these occasions, he purchased a large quantity of marijuana at the defendants' residence. These declarations against his penal interest carry with them an indicia of reliability.

In *United States v. Harris, supra,* the Supreme Court of the United States stated that:

"Admissions of crime, like admissions against proprietary interests, carry their own indicia of credibility . . . sufficient at least to support a finding of probable cause to search. That the informant may be paid or promised a 'break' does not eliminate the residual risk and opprobrium of having admitted criminal conduct."

*See also United States v. Marihart,* 472 F.2d 809 (8th Cir. En Banc, 1972); *United States v. Sanchez,* 450 F.2d 525 (10th Cir. 1971); *United States v. Long,* 449 F.2d 288 (8th Cir. 1971); *United States ex rel. DiRienzo v. Yeager,* 443 F.2d 228 (3rd Cir. 1971). This court has also recognized that such statements are sufficient to support the issuance of a warrant. *DeLaCruz v. People,* 177 Colo. 46, 492 P.2d 627 (1972).

The statements by informant Bickle to the affiant are specific admissions of criminal offenses. Under *United States v. Harris, supra,* this is sufficient to determine that his information is reliable. But the facts here are even more compelling than the facts presented in *United States v. Harris, supra.* There, the informant was not named, as informant Bickle is in the affidavit before us in this case. The "residual risk and opprobrium" is correspondingly greater where the informant is identified by name and address as

in this case. *See United States v. Matlock,* 415 U.S. 164, 94 S.Ct. 988, 39 L.Ed.2d 242 (1974) which discusses the indicia of reliability which attaches to statements against penal interest.

The ruling is reversed.

MR. JUSTICE DAY and MR. JUSTICE ERICKSON dissent.

MR. JUSTICE ERICKSON dissenting:

I respectfully dissent. Probable cause for an arrest or search must be based on information provided by an inherently reliable source. *People v. Hubbard,* 184 Colo. 225, 519 P.2d 951 (1974); *United States v. Harris,* 403 U.S. 573, 91 S.Ct. 2075, 29 L.Ed.2d 723 (1971); *Spinelli v. United States,* 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969); *Aguilar v. Texas,* 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964). When the source of information for a search warrant is a citizen-informer, reliability is presumed and need not be further established in the affidavit. However, when hearsay information upon which a search warrant is issued is supplied by an individual who does not fall within the definition of a citizen-informer, the search warrant must contain some of the underlying details from which the issuing magistrate could independently conclude that the informer was credible or the information supplied was reliable and would justify the action taken. *People v. Brethauer,* 174 Colo. 29, 482 P.2d 369 (1971); *Spinelli v. United States, supra; Aguilar v. Texas, supra.* From this particular standpoint, there are only two types of informants — those who are presumptively reliable and those whose reliability must be demonstrated within the four corners of the affidavit. "Marginal" cases must be measured by the same standard as any other search warrant, and if a search warrant does not meet the minimum requirements, the defect is fatal. *Spinelli v. United States, supra; United States v. Harris, supra; People v. Brethauer, supra.*

The affidavit which the court found to be insufficient to support the issuance of a search warrant provided:

"Affiant states that he is an agent for the Southern Colorado Drug Control Agency (MEG III).

"Affiant further states that on November 27, 1973, David Clair Bickle, RT. 1 Box 117 Boone, Colorado, related to affiant that at approximately twelve o'clock noon on November 27, 1973,

named David Clair Bickle was on the premises known as 2821 Grand Ave Pueblo, Colorado, that while on the premises known as 2821 Grand Ave. Pueblo, Colorado, David Clair Bickle came into contact with a party known as Tom Fillmore, to David Clair Bickle, that Tom Fillmore removed a three inch square butter tub from the top of a table spool being used as furniture in the living room of the address known as 2821 Grand Ave. Pueblo, Colorado that the butter tub contained a green vegetable like substance which in David Clair Bickle's opinion was marijuana, that Tom Fillmore took a portion of the green vegetable like material from the butter tub and using the removed portion, Tom Fillmore made a hand rolled cigarette, that Tom Fillmore then lit the hand rolled cigarette and passed said cigarette to two other parties unknown to David Clair Bickle and to David Clair Bickle, that the other unknown parties appeared to smoke said cigarette, and that said cigarette was in David Clair Bickle's opinion marijuana because of the odor emanating from said cigarette.

"Affiant further states that David Clair Bickle related to affiant that he has been on the premises known as 2821 Grand Ave, Pueblo, Colorado on three occassions [sic] prior to November 27, 1973 that the first occassion [sic] was in June or July of 1973 and that on that occassion [sic] David Clair Bickle smoked what he believed to be marijuana and purchased what he believed to be one pound of marijuana, that the second occassion [sic] was in August or September of 1973 and on that occassion [sic] David Clair Bickle smoked what he believed to be marijuana and purchased what he believed to be approximate [sic] one pound of marijuana for approximately $145.00 and which Tom Fillmore indicated was marijuana and that the third occassion [sic] was approximately October 26, 1973 and on that occassion [sic] he smoked what he believed to be marijuana and purchased what he believed to be approximately nine ounces of marijuana and which Tom Fillmore indicated was marijuana.

"Affiant further states that David Clair Bickle has related to him that David Clair Bickle has observed marijuana and smelled the odor of burning marijuana at least 150 times over the past three years."

Basically, the majority opinion casts aside the reasons for the limitations imposed by the Supreme Court of the United States in

*Aguilar v. Texas, supra,* and its progeny, because the informant's statements constituted a declaration against penal interest. I have no quarrel with the conclusion asserted in the majority opinion that Bickle does not qualify as a citizen-informant. *See People v. Glaubman,* 175 Colo. 41, 485 P.2d 711 (1971). The flaw in the majority opinion is that the disclosure of an informant's name and address, when the informant is paid and is bargaining for leniency, does not support a conclusion that the information was reliable.

The informant's beliefs that he was smoking marijuana and that he purchased what he believed to be marijuana at a specified location do not suggest that the informant was reliable within the rule set forth in *Draper v. United States,* 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327 (1959). In *Draper,* the specificity of detail in the description of the events that were to occur was sufficient to provide a basis of knowledge, but had no bearing on the reliability prong of the *Aguilar-Spinelli* rule. *See People v. Masson,* 185 Colo. 65, 521 P.2d 1246 (1974); *People v. MacDonald,* 173 Colo. 470, 480 P.2d 555 (1971); Moylan, *Hearsay and Probable Cause: An Aguilar and Spinelli Primer,* 25 Mercer L. Rev. 741 (1974).

Moreover, Bickle's statement that he had purchased marijuana on three separate occasions from Tom Fillmore does not provide any indicia of reliability and does not fall within the four corners of *United States v. Harris,* 403 U.S. 573, 91 S.Ct. 2075, 29 L.Ed.2d 723 (1971). In the *Harris* case, which was a plurality decision, the affidavit provided:

"Roosevelt Harris has had a reputation with me for over four years as being a trafficker of nontaxpaid distilled spirits, and over this period I have received numerous information [sic] from all types of persons as to his activities. Constable Howard Johnson located a sizeable stash of illicit whiskey in an abandoned house under Harris' control during this period of time. This date, I have received information from a person who fears for their life [sic] and property should their name be revealed. I have interviewed this person, found this person to be a prudent person, and have, under a sworn verbal statement, gained the following information: This person has personal information of and has purchased illicit whiskey from within the residence described, for a period

of more than 2 years, and most recently within the past two weeks, has knowledge of a person who purchased illicit whiskey within the past two days from the house, has personal knowledge that the illicit whiskey is consumed by purchasers in the outbuilding known and utilized as the 'dance hall', and has seen Roosevelt Harris go to the other outbuilding, located about 50 yards from the residence, on numerous occasions, to obtain whiskey for this person and other persons."

Chief Justice Burger, in upholding the validity of the search warrant based upon the affidavit, looked to these facts to support his plurality opinion: (1) the informant related to the affiant knowledge of the criminal activity of the defendant by virtue of his own personal observation; (2) the affiant was aware of the likelihood of the defendant's criminal activity because of prior events within his own personal knowledge; and (3) the informant in stating the information was making a declaration against interest.

It is noteworthy that the affiant in this case did not have personal knowledge of the defendant's background which would suggest that the defendant was engaged in criminal activity and did not volunteer his information as the typical citizen-informant. In fact, the affiant was motivated to relinquish the information in exchange for a promise of favorable treatment.[1] The statements which he made to the officers would not in and of themselves have been sufficient to prosecute the informant. Moreover, *De-LaCruz v. People,* 177 Colo. 46, 492 P.2d 627 (1972), which is referred to in the majority opinion, is not in point, inasmuch as the reliability of the informant in that case was not in issue.

Since the informant in this case was neither a citizen-informant nor a police informant of established reliability, the affidavit which supports the search warrant must fall. The affidavit does not state facts which would enable an issuing magistrate or judge to determine whether the hearsay information of the informant was reliable.

---

[1] In *United States v. Harris, supra,* the court said: "Concededly, admissions of crime do not always lend credibility to contemporaneous or later accusations of another." In my mind, it is also significant that the statements of the informant in this case were not technically against his penal interest.

For the foregoing reasons, I would sustain the ruling of the trial court.

MR. JUSTICE DAY has authorized me to say that he joins me in this dissent.