Opinion by
MR. JUSTICE LEE.
Appellant was convicted by a jury of one count of possession of a narcotic drug, cannabis, in an amount exceeding one-half ounce, in violation of C.R.S. 1963, 48-5-2,[1] and of a second count of possession of a danger *127 ous drug, a barbiturate, with intent to dispense said drug in violation of 1969 Perm. Supp., C.R.S. 1963, 48-8-2. [2] We reverse.
The convictions must be reversed for failure of the court to grant appellant’s motion to suppress evidence. The drugs and drug paraphernalia which appellant sought to have suppressed and which were admitted into evidence over his objection were seized pursuant to a search warrant. We agree with appellant’s contention that the warrant was invalid in that the affidavit was insufficient to establish probable cause.
The affidavit upon which the warrant was issued recited factual matters supplied to the officer-affiant by an unidentified confidential informant. Although the affidavit contained factual detail sufficient to satisfy the first prong of the Aguilar-Spinelli test, in our view it was fatally deficient in its recital of sufficient facts to satisfy the second prong of the test, by which the issuing magistrate is enabled to independently determine that the unidentified informant was credible or that the information he supplied was reliable. Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723; Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637; People v. Arnold, 186 Colo. 372, 527 P.2d 806; People v. Brethauer, 174 Colo. 29, 482 P.2d 369. The only recital in the affidavit bearing upon the informant’s credibility or the reliability of the information supplied is as follows:
“4. That the confidential informant has related information to the affiant regarding several previous narcotics and dangerous drug sellers and users which has been confirmed and proven reliable by the affiant.”
This we regard as totally conclusory and devoid of details sufficient to support an independent finding of credibility or reliabililty.
In People v. Montoya, 189 Colo. 106, 538 P.2d 1332, the latest decision of this court concerning this problem, it was stated:
“The second prong goes to the trustworthiness of the informant — What caused the police officer to believe the information relayed by the informant? To satisfy this test, an assertion that the informant has previously furnished solid material information of specified criminal activity will suffice. An affidavit does not satisfy the second prong by merely stating that the informant is reliable, or that he has supplied information in the past which proved to be accurate. People v. Brethauer, 174 Colo. 29, 482 P.2d 369 (1971).”
The affidavit here fails to disclose the type of information which the informant previously gave to affiant, whether it was acted on by affiant or his fellow officers, or what were the results, if any, of the action so taken. It does not disclose whether the previous information supplied led to arrests or convictions. Cf. People v. Arnold, supra.
*128 In view of the failure of the affidavit to measure up to the AguilarSpinelli standards, the search warrant must be held to be invalid and it was error to deny appellant’s motion to suppress the evidence seized pursuant to the search warrant.
In light of the foregoing, it is unnecessary to consider other arguments advanced by appellant for reversal.
The judgment is reversed and the cause remanded with directions for further proceedings consonant with the views expressed herein.
MR. JUSTICE DAY, MR. JUSTICE HODGES and MR. JUSTICE KELLEY concur.

Now section 12-22-302, C.R.S. 1973.

Now section 12-22-404, C.R.S. 1973.