MR. JUSTICE ERICKSON
dissenting.
I respectfully dissent. Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964); and Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969), formulated the standards for determining the trustworthiness of hearsay information dispersed by informants. The analytical tool devised for making the analysis and for insuring trustworthiness of the information was the two-pronged test. Years of misuse and misunderstanding have blunted the fine points of this tool. The analytical terms “basis of knowledge,” “reliability,” and “credibility” have been used randomly and out of proper context. The precise analysis which the two-pronged test promised has been replaced by disorder and obfuscation. Defective prongs have given rise to cures such as self-verifying detail and independent corroboration. In turn, the cures have been misapplied, remedying defects for which they were not designed. See People v. Trontell, 188 Colo. 253, 533 P.2d 1124 (1975); Moylan, Hearsay and Probable Cause: An Aguilar and Spinelli Primer, 25 Mercer L. Rev. 741 (1974). This area of the law is in need of reanalysis and clarification.
The trial court in this case found that the basis-of-knowledge prong, as set forth in Aguilar v. Texas, supra, was not satisfied. Contrary to the majority, I do not believe the basis-of-knowledge prong is satisfied by a tedious chronology of details nor by an officer’s independent corroboration of an anonymous informer’s tip. In my view, the basis-of-knowledge prong was not satisfied in this case, and for that reason, I dissent.